

**Sedgwick**

ATTORNEYS AT LAW
225 LIBERTY STREET, 28TH FLOOR   NEW YORK, NEW YORK 10281-1008
www.sedgwicklaw.com   212.422.0202 phone   212.422.0925 fax

*Michael H. Bernstein*
(212) 898-4011
michael.bernstein@sedgwicklaw.com

May 28, 2013

*Via Regular Mail*
Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street, Room 1050
New York, New York 10007

Re: *Oxford Health Ins., Inc., et al.* v. *Daniel Hamner, M.D., et al.*, Civ. Action No.: 13-CV-375 (AKH)(KNF)
File No.: 03246-000156

Dear Judge Hellerstein:

This firm represents Plaintiffs in the above-referenced action. We write to request the Court's assistance in resolving a dispute regarding the Reply Memorandum of Law in Further Support of Defendants' Motion to Dismiss (the "Reply Brief") filed on May 7, 2013 (Doc. No. 27) by Defendants Daniel Hamner, M.D., Daniel Hamner Physician, P.C., Daniel Hamner, M.D., P.C., Richard Hamner, Erika Macbride, Raina Hamner and Rae Baymiller (hereinafter "Defendants"). Specifically, Plaintiffs object to Point V of Defendants' Reply Brief, which raises a new basis for their motion to dismiss Plaintiffs' Eighth Cause of Action for Defendants' violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §1961, *et seq.* that was not previously made, depriving Plaintiffs of an opportunity to respond to this basis.

In Point V of the Reply Brief, Defendants argue that Plaintiffs' Fourth Cause of Action for a violation of the RICO statute is insufficiently pled because Plaintiffs have failed to allege damages with sufficient specificity under Rule 9(b), Fed. R. Civ. P. (Reply Brief, p. 15). The only related argument in Defendants' initial moving papers were their argument that Plaintiffs' RICO cause of action was time-barred to which Plaintiff responded. (Doc. No. 16, p. 15). But Defendants did not argue as a basis for their motion to dismiss in their initial motion papers that the allegations of damages were insufficient to allege a claim for relief for Plaintiffs' RICO cause of action this issue and as a result, Plaintiffs were deprived of an opportunity to address the argument.

It is well-established that courts will not consider new arguments that are raised for the first time in a reply brief. *See, e.g., Trustees of Hollow Metal Trust Fund* v. *FHA Firedoor Corp.*, No. 12 Civ. 7069, 2013 WL 1809673 (S.D.N.Y. Apr. 30, 2013) (declining to address argument first raised in reply brief) (citing *U.S.* v. *Pepin*, 514 F.3d 193, 203 n.3 (2d Cir. 2008)); *CE Intern. Resources Holdings LLC* v. *S.A. Minerals Ltd. Partnership*, No. 12 Civ. 8087 (CM), 2012 WL 6178236 *2 (S.D.N.Y. Dec. 10, 2012) ("It is improper in this district and in this circuit to introduce new arguments in reply") (citing *U.S.* v. *Gabriel*, 125 F.3d 89, 100 n. 6 (2d Cir. 1997)). The principle behind this rule is that raising new arguments in reply unfairly deprives a party an opportunity to respond. *See, e.g., Marcoux* v. *Farm Serv. & Supplies, Inc.*, 290 F. Supp. 2d 457 (S.D.N.Y. 2003) (arguments may not be raised for the first time in reply brief as that tactic denies opponent an opportunity to respond);

NY/1264909v1

Honorable Alvin K. Hellerstein
Re: Oxford Health Ins., Inc., et al. v. Daniel Hamner, M.D., et al., Civ. Action No.: 13-CV-375
(AKH)(KNF)
May 28, 2013
Page 2

*Haywin Textile Prods., Inc. v. Int'l Fin. Inv.*, 137 F. Supp. 2d 431 (S.D.N.Y. 2001) (courts should not consider arguments first raised in party's reply brief which afford no opportunity for a response from the opposing party). Because Plaintiffs were deprived of a fair opportunity to respond to Defendants' new arguments improperly raised in their Reply Brief, Plaintiffs respectfully request that the Court permit Plaintiffs to file a brief sur-reply to address these new arguments.

In accordance with Your Honor's individual rules of practice, John T. Seybert, an attorney at this firm, contacted Jonathan Bruno, counsel for Defendants, on May 22, 2013 by email in an effort to resolve this issue. By email sent the following day, Mr. Bruno advised that he could not consent to allow Plaintiffs an opportunity to respond to the new arguments raised in Defendants Reply. (Ex. "A"). Because the parties were unable to resolve their dispute through a meet-and-confer process, the parties respectfully request Court intervention to resolve the dispute by either striking Point V to Defendants' Reply Brief or allowing Plaintiffs a sur-reply to respond to Point V.

Thank you for your consideration of this matter.

Respectfully submitted,

Michael H. Bernstein
Sedgwick LLP

MHB

cc: Jonathan B. Bruno, Esq.
    Richard Pu, Esq.

NY/1264909v1

EXHIBIT A

**From:** Jonathan B. Bruno
**To:** Seybert, John
**Cc:** Bernstein, Michael; Alex Niederman
**Subject:** RE: Oxford v. Hamner
**Date:** Thursday, May 23, 2013 5:14:00 PM
**Attachments:** image001.png

Hi John. Unfortunately I cannot consent to your request.

Regards,

Jonathan B. Bruno | **KAUFMAN BORGEEST & RYAN LLP**
120 Broadway | New York, NY 10271
direct: 212.994.6522 | fax: 212.980.9291
vcard | email | website

---

**From:** Seybert, John [mailto:John.Seybert@sedgwicklaw.com]
**Sent:** Wednesday, May 22, 2013 2:22 PM
**To:** Jonathan B. Bruno
**Cc:** Bernstein, Michael
**Subject:** Oxford v. Hamner

Jonathan,

    We do not believe that defendants' Point V in their Reply asserting that the damages were pled with sufficient specificity was properly raised in defendants' initial motion papers. We plan to write to the Court and ask that the Court either strike Point V or allow us leave to file a short sur-reply to this point. In accord with Judge Hellerstein's Rules, please let us know whether you will consent to us filing a short sur-reply to respond to Point V.

Very truly yours,
John

**John T. Seybert**
John.Seybert@sedgwicklaw.com | +1-212-898-4028

**Sedgwick**
1933-2013
225 Liberty Street, 28th Floor
New York, NY 10281-1008
+1-212-422-0202 *phone* | +1-212-422-0925 *fax* | www.sedgwicklaw.com

EXHIBIT A

The information in this email is intended for the named recipients only. It may contain privileged and confidential matter. If you have received this email in error, please notify the sender immediately by replying to

this email. Do not disclose the contents to anyone. Thank you.

IRS Circular 230 Disclosure: To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

------------------------------

**This electronic message contains information that may be privileged, confidential or otherwise protected from disclosure. The information contained herein is intended for the addressee only. If you are not the addressee, any disclosure, copying, distribution or use of the contents of this message (including any attachments) is prohibited. If you have received this electronic message in error, please notify the sender immediately and destroy the original message and all copies.**