| | |
|---|---|
| From: | allanchristopher@comcast.net |
| To: | Seybert, John |
| Cc: | Bernstein, Michael; DAVID CHRISTOPHER; Thelma Christopher |
| Subject: | Re: Request that You Please Call Me Immediately Regarding Summons & Complaint for Estate of Anne M. Christopher |
| Date: | Tuesday, March 05, 2013 1:56:10 PM |
| Attachments: | image001.png |

Mr. Seybert

Thank you for the very fast response. Thanks for the 45 day extension starting today March 4, 2013. I will review the SDNY Pro Se Manual as to the method to transmit this agreement to the court personnel concerned. As I recall, it may require the plaintiff's attorneys to write a letter since they, by definition, originated the complaint. Thanks for the pdf document.

With respect to the request for what specific laws entitle the plaintiff to make a complaint and provide a summons against a distributed and settled estate, I believe that is a reasonable and legal request. All I was looking for is reference to a specific law; which I do not consider legal advice. The reason I state this is because my understanding of the discovery process if that both parties, in utmost good faith, have available to both parties all of the facts surrounding the case then it can, often more quickly, be determined. That is sometimes how a summary judgment is made; the undisputed evidence and legal law facts are so glaringly obvious that there really is no remaining ambiguity in the outcome of the case.

Why I was trying to determine in my request for the legal basis, is to basically get to the point of a summary judgment if there was no legal basis. If there was a legal basis, then this presents an entirely different set of challenges, which could impact the selection of an attorney, for the defense of the estate and involves the potential actions stated against all of defendants; Cause of Action 7: Fraudulent Enrollment in the NYCMS Plan and Cause of Action 8: Civil RICO

I am confused as to what you wanted to speak to Mr. Bernstein about. As I best as I recall, the only item we addressed, in large measure, was 1) make sure you have a response in a timely manner, 2) the estate is settled and distributed and 3) you are representing the plaintiff and cannot give me any legal advice.

So short of summarizing our discussion to Mr. Bernstein, what did you need to get back to me after speaking to him, per our agreement, on Friday February 29, 2013?

In any case I want to thank you for bring to my attention the other defendants law firm, the lawyer and the availability of a pro se office.

Very truly yours

Allan

From: "John Seybert" <John.Seybert@sedgwicklaw.com>
To: allanchristopher@comcast.net
Cc: "Michael Bernstein" <Michael.Bernstein@sedgwicklaw.com>
Sent: Tuesday, March 5, 2013 9:11:02 AM

**Subject:** FW: Request that You Please Call Me Immediately Regarding Summons & Complaint for Estate of Anne M. Christopher

Mr. Christopher,

     I am responding to your email since I am the one who spoke with you. Your email seems to be asking about legal guidance on how to defend this action. As I explained to you during our call on February 27, 2013, our firm represents the plaintiffs, and I cannot provide you with legal guidance.

     I want to clarify a few points in your email. I spoke to you twice on February 27, 2013. In the first call, I told you I would speak with Michael Bernstein and call you back, which I did that same night. I did not represent that plaintiffs would be interested in dismissing the complaint against the Estate of Anne M. Christopher. Plaintiffs have named the Estate as a defendant in the action and we served the Estate with the Summons and Complaint. Accordingly, we have no intention of dismissing the action against the Estate. I did not understand our discussion to have any remaining issues after my second call with you.

     As I understand your first request in your email of today, you are requesting an extension of time to answer the complaint. You may advise the Court that we consent to a 45-day extension of time. With regard to your second request, for the reasons stated above, we cannot provide you with legal research and advice about the basis for plaintiffs' claims against the Estate. Also, in response to your third request, attached is a copy of the Complaint and Summons.

     I trust that this addresses the issues you raised in your email. To avoid any further confusion about what was discussed, please email me any requests or issues you want to raise.

Very truly yours,
John

**John T. Seybert**
John.Seybert@sedgwicklaw.com | +1-212-898-4028

Sedgwick
1933-2013
225 Liberty Street, 28th Floor
New York, NY 10281-1008
+1-212-422-0202 *phone* | +1-212-422-0925 *fax* | www.sedgwicklaw.com

**From:** allanchristopher@comcast.net [mailto:allanchristopher@comcast.net]

**Sent:** Tuesday, March 05, 2013 11:35 AM
**To:** Bernstein, Michael
**Cc:** DAVID CHRISTOPHER; Thelma Christopher
**Subject:** Request that You Please Call Me Immediately Regarding Summons & Complaint for Estate of Anne M. Christopher

Dear Mr. Michael Bernstein Esq.

On February 27, 2013 in the regular USPS mail I received an envelope from the Westport CT Probate District Court office. The envelope contained a civil complaint and a summons for the Estate of Anne M. Christopher.

The complaint acknowledged that the estate had been settled and distributed. As a point of reference, for the Plaintiff, this occurred on June 12, 2012.

The summons requested an Answer in response to two actions;
1. Oxford's (Plaintiff's) Seven Cause of Action: Fraudulent Enrollment in the NYMS
2. Plaintiff's Eighth Cause of Action: Civil RICO

I read the entire complaint that night.

I called your office the next day February 28, 2013 and left a message
   1. Acknowledging receipt of the summons and complaint
   2. Requesting that we speak together on a number of unresolved issues, which include but are not necessarily limited to:
      a. The need for a extension of time to respond with an Answer and/or Motion while I operate in the current pro se mode in the absence of a lawyer
      b. The potential need, which requires an extension of time, to find a lawyer that has admission to both
         i. The SDNY Federal Court
         ii. Potentially, the CT Judicial Branch (it should be noted that one attorney I called to represent me indicated that he could not represent me because he did not have admission to the CT Courts)
      c. The need for a courtesy pdf version of the entire complaint and summons so that I can efficiently transmit it efficiently to various parties including but not limited to
         i. Potential Attorneys to represent the Estate
         ii. Interested parties including, but not necessarily limited distributees of the Estate
      d. A need for discovery and information as to the legal basis for providing a summons to a distributed estate which is well beyond the CT Probate Statue of Limitations.
   3. To date, I have not received a return phone call from your office. Since I am currently operating in the pro se mode, until I find an attorney, I am following the *A MANUAL FOR PRO SE LITIGANTS APPEARING BEFORE THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK.* This pro se manual states on page 70 the following:
   **Extension of Time to Respond to the Complaint, Counterclaim or Cross-Claim**
   "If more time is needed to respond to the complaint, counterclaim or cross-claim (by answer or motion to dismiss), a defendant may request an extension of time to respond to the complaint. Prior to asking the Judge for an extension of time, the defendant should ask the plaintiff or his or her attorney to stipulate, that is, agree, to an extension of time to file the response to the complaint. If plaintiff does not consent, the defendant must

ask the Judge for an extension of time."
4. In the absence of being able to speak to you on February 28, 2013, I called you assistant Wanda, told her the need to speak to you and she immediately got your associate John Seybert on the phone. John provided me with
   a. The fact that there is a pro se office for SDNY
   b. The name of the defending attorney for the other defendants and her law firm.
   c. An indication that Mr. Seybert would speak to you, as I understood our conversation, and get back to me on Friday February 29, 2013 with an indication if you might be interested in dismissing the complaint against the Estate of Anne M. Christopher. To date, I have not received a confirming call from Mr. Seybert either way

To summarize in terms of priorities, 1) I need to speak to you, per the above the SDNY pro se manual instructions, for the extension of time that I need. This time extension is an additional 45 days, upon you acknowledgment of this email, and am formally requesting from you such an extension in time

2) I also need references, in terms of specific laws, to what Federal and/or CT State laws gives the plaintiff the legal right to file a complaint against a distributed settled estate per a CT Probate Court order from a CT Probate Court judge, well beyond the CT statue of limitations, with pleading for compensatory damages and punitive, potentially-because of civil RICO, treble damages

3) A courtesy pdf copy of the complaint and summons would also be appreciated

I, to say the least, find this experience very stressful. I personally am not a defendant in this case; I served the function of being the fiduciary of the estate as the decedent's only and closest brother.

In your not communicating with me per my request in a timely manner, as the author of the summons with you personal signature on it, and as the senior member of the plaintiff's attorney, the uncertainty that is created only magnifies significantly the mental stress that is created.

Please give me a call at my home to discuss the above matters. The number is 603-472-5271.

It is urgent that you call me immediately


Very truly yours

Allan Christopher

----------------------------
The information in this email is intended for the named recipients only. It may contain privileged and confidential matter. If you have received this email in error, please notify the sender immediately by replying to this email. Do not disclose the contents to anyone. Thank you.

IRS Circular 230 Disclosure: To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

----------------------------