UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
OXFORD HEALTH INSURANCE, INC.,
OXFORD HEALTH PLANS (NY), INC.,
UNITED HEALTHCARE INSURANCE
COMPANY OF NEW YORK, INC. and
UNITED HEALTHCARE SERVICES, INC.

                 Plaintiffs,

- against -

DANIEL HAMNER, M.D., DANIEL HAMNER
PHYSICIAN, P.C., DANIEL HAMNER, M.D., P.C.,
THE ESTATE OF ANNE M. CHRISTOPHER,
RICHARD HAMNER, ERIKA MACBRIDE,
RAINA HAMNER and RAE BAYMILLER,

                 Defendants.
-----------------------------------------------------------------x

Civil Action No.
13-CV-375 (AKH) (KNF)

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

KAUFMAN BORGEEST & RYAN LLP
*Attorneys for Defendants*
*Daniel Hamner, M.D., Daniel Hamner Physician,*
*P.C., Daniel Hamner, M.D., P.C., Richard Hamner,*
*Erika Macbride, Raina Hamner, and Rae Baymiller*
120 Broadway, 14th Floor
New York, New York 10271
(212) 980-9600
KBR File No.: 862.216

Of Counsel:

    Jonathan B. Bruno, Esq.
    Alex N. Niederman, Esq.

2353574

# TABLE OF CONTENTS

Pages

TABLE OF AUTHORITIES ............................................................................................................ ii-iii

LEGAL ARGUMENT ...................................................................................................................... 2-8

    POINT I    PLAINTIFF FAILS TO ALLEGE A RICO §1962(c) CLAIM AGAINST RICHARD, ERIKA, RAINA, AND BAYMILLER BECAUSE ALLEGATIONS OF MERE INVOLVEMENT IN AN ALLEGED ENTERPRISE'S AFFAIRS DOES NOT CONSTITUTE "OPERATION OR MANAGEMENT" OF THAT ENTERPRISE ............................................................................................ 2-4

    POINT II    PLAINTIFFS FAIL TO STATE A CAUSE OF ACTION FOR A RICO CONSPIRACY ............................................................................................ 4-8

        A. Plaintiffs Offer No Factual Support for Their Conclusory Allegations of a Joint Agreement Between the Defendants ........................................... 4-7

        B. Plaintiffs Fail to State a Cause of Action for a RICO Conspiracy Because the Law Does Not Recognize as a One-Person RICO Conspiracy ............................................................................................ 7-8

LEGAL ARGUMENT ...................................................................................................................... 9

## TABLE OF AUTHORITIES

**Cases**     Pages

Ashcroft v. Iqbal,
556 U.S. 662 (2009) ................................................................................................ 4, 5, 6, 7

Baisch v. Gallina,
346 F.3d 366 (2d Cir. 2003) .................................................................................................. 4

Bell Atlantic Corp. v. Twombly,
550 U.S. 544 (2007) ............................................................................................................. 4

First Capital Asset Management, Inc. v. Satinwood, Inc.,
385 F.3d 159 (2d Cir. 2004) .................................................................................................. 3

Gebhardt v. Allspect, Inc.,
96 F.Supp.2d 331 (S.D.N.Y.2000) ........................................................................................ 5

Goldfine v. Sichenzia,
118 F.Supp.2d 392 (S.D.N.Y. 2000) ..................................................................................... 3

Medinol Ltd. v. Boston Scientific Corp.,
346 F.Supp.2d 575 (S.D.N.Y. 2004) .................................................................................. 7, 8

Panix Promotions, Ltd. v. Lewis,
2002 WL 72932 (S.D.N.Y. 2002) ....................................................................................... 7, 8

Redtail Leasing, Inc. v. Bellezza,
1999 WL 32941 (S.D.N.Y. 1999) .......................................................................................... 4

Reves v. Ernst & Young,
507 U.S. 170 (1993) ............................................................................................................. 2

Rogers v. U.S.,
340 U.S. 367 (1951) ............................................................................................................. 7

Smith v. Local 819 I.B.T. Pension Plan,
291 F.3d 236 (2d Cir. 2002) .......................................................................................... 5, 6, 7

Spinale v. U.S.,
2004 WL 50873 (S.D.N.Y. 2004) .......................................................................................... 4

U.S. v. Diaz,
176 F.3d 52 (2d Cir. 1999) .................................................................................................... 2

U.S. v. Green,
421 F.2d 1237 (2d Cir. 1970) ................................................................................................ 7

**Statutes** Pages

18 U.S.C. §1962(c) .................................................................................................. 1, 2, 3, 4

18 U.S.C. §1962(d) .................................................................................................. 1, 5, 7

**PRELIMINARY STATEMENT**

Defendants Daniel Hamner, M.D. ("Dr. Hamner"), Daniel Hamner Physician, P.C. and Daniel Hamner, M.D., P.C. (both entities collectively, "the Practice"),[1] Richard Hamner ("Richard"), Erika Macbride ("Erika"), Raina Hamner ("Raina"), and Rae Baymiller ("Baymiller") (collectively, "Moving Defendants") submit this Memorandum of Law in further support of their Motion to Dismiss the Amended Complaint by Plaintiffs Oxford Health Insurance, Inc. and Oxford Health Plans (NY), Inc. (collectively "Oxford"), Plaintiff United Healthcare Insurance Company of New York, Inc. ("UHIC"), and Plaintiff United Healthcare Services, Inc. ("UHS") (all four collectively, "Plaintiffs") pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a cause of action, and in reply to Plaintiffs' Memorandum of Law in Opposition (ECF Docket Entry #48, hereinafter "Opp.").

The Court should dismiss Plaintiffs' Eighth, Ninth, Tenth, and Eleventh purported causes of action – RICO Section 1962(c)[2] claims (the "Conducting or Participating Claims") asserted against Richard, Erika, Raina, and Baymiller respectively – because in opposition, Plaintiffs do not sufficiently demonstrate how those defendants' alleged association with the purported RICO enterprise constitutes "operation or management" of that enterprise sufficient to state a cause of action for Section 1962(c) liability.

The Court should also dismiss Plaintiffs' Twelfth purported cause of action – a RICO Section 1962(d)[3] claim (the "RICO Conspiracy Claim") as to all of the Moving Defendants – because in opposition, Plaintiffs offer only conclusory allegations in support of their conspiracy claim, without any factual predicate. The claim should also be dismissed because the law does not recognize a one-person RICO conspiracy.

---

[1] "Daniel Hamner Physician P.C." and "Daniel Hamner M.D. P.C." are the same entity. Filings with the New York Department of State confirm that the Practice was established on May 1, 2000 as a domestic professional corporation named "Daniel Hamner Physician P.C.," and was renamed as "Daniel Hamner, M.D. P.C." on June 6, 2001. Plaintiffs also acknowledge this in Paragraph "7" of the Amended Complaint.

[2] 18 U.S.C. §1962(c).

[3] 18 U.S.C. §1962(d).

1

2349528

## LEGAL ARGUMENT

### POINT I

#### PLAINTIFF FAILS TO ALLEGE A RICO §1962(c) CLAIM AGAINST RICHARD, ERIKA, RAINA, AND BAYMILLER BECAUSE ALLEGATIONS OF MERE INVOLVEMENT IN AN ALLEGED ENTERPRISE'S AFFAIRS DOES NOT CONSTITUTE "OPERATION OR MANAGEMENT" OF THAT ENTERPRISE

In opposition to Defendants' Motion to Dismiss, Plaintiffs assert that they have sufficiently stated a RICO Section 1962(c) cause of action against Richard, Erika, Raina, and Baymiller because their allegation of "voluntary and affirmative participation" in the alleged enterprise satisfies the "operation or management" standard for participation in and/or conduct of the affairs of a purported RICO enterprise, as established by the United States Supreme Court in Reves v. Ernst & Young, 507 U.S. 170 (1993). See Opp. at p. 15. Plaintiffs claim that Richard, Erika, Raina, and Baymiller's alleged acts pass the Reves' "operation or management" test because of their purported "voluntary signatures on the enrollment forms containing false information," and a purported "exercise[ ] [of] discretion in continuing to misrepresent their eligibility for coverage under the Plan, thereby promoting the objectives of the enterprise's fraudulent scheme." Id. at p. 15 and p. 14.

However, Plaintiffs' insistence on these arguments is, ironically, the exact reason that they actually *fail* to state a cause of action under RICO Section 1962(c). As the Second Circuit Court of Appeals has held, "the simple taking of directions and performance of tasks that are *'necessary or helpful'* to the enterprise, without more, is insufficient to bring a defendant within the scope of §1962(c)." U.S. v. Diaz, 176 F.3d 52, 92 (2d Cir. 1999) (emphasis added). Here, Plaintiffs fail to state a RICO Section 1962(c) cause of action because their allegations that Richard, Erika, Raina, and Baymiller's "voluntary and affirmative participation" was *helpful* to the alleged enterprise does not sufficiently demonstrate that the alleged acts were of the discretionary type required by Reves' "operation or management" test.

As Plaintiffs recognize in their opposition brief by their citation to the Second Circuit's decision in First Capital Asset Management, Inc. v. Satinwood, Inc., 385 F.3d 159, 176 (2d Cir. 2004), a properly pleaded Section 1962(c) claim requires an allegation that the defendants actually *directed* some part of the alleged enterprise's affairs. See Opp. at p. 11 ("In order to meet the requirements of this test, Plaintiffs must show that Defendants had 'some part' in directing the affairs of Hamner, P.C."). However, the allegations in Plaintiffs' Amended Complaint and the arguments in Plaintiffs' opposition brief fail to explain how Plaintiffs have sufficiently stated that Richard, Erika, Raina, and Baymiller *directed* the affairs of the alleged enterprise, the Practice. Rather, Plaintiffs incorrectly conflate aiding the alleged enterprise with directing the affairs of that enterprise. To wit, Plaintiffs argue that they have demonstrated Richard, Erika, Raina, and Baymiller's direction of the Practice's affairs by allegations that they enrolled for insurance coverage they were not qualified to receive (Id. at p. 12), submitted false claim forms (Id. at p. 13), authorized Dr. Hamner and other medical providers to submit fraudulent claims (Id.), and failed to advise Plaintiffs that the EOBs for services rendered were incorrect (Id.). Plaintiffs argue that this demonstrates that Richard, Erika, Raina, and Baymiller "elected to perpetuate the scheme to defraud Plaintiffs and used Hamner P.C. to continue to reap the benefits of coverage under the Plan, as well as further the objective of the enterprise." Id. at p. 13-14. However, these allegations constitute nothing more than a claim that Richard, Erika, Raina, and Baymiller simply helped the alleged enterprise. Plaintiffs' allegations offer no indication of any Reves-style "operation or management."

By Plaintiffs' logic, any choice to help an alleged enterprise constitutes directing the affairs of that enterprise. Not only is that argument legally incorrect, but it is precisely what this Court sought to avoid when it held that "the mere fact that a defendant may have aided in the alleged scheme to defraud, even if that aid was intentional, does not give rise to liability under §1962(c)." Goldfine v. Sichenzia, 118 F.Supp.2d 392, 403 (S.D.N.Y. 2000). Rather, RICO Section 1962(c) liability depends upon whether the defendant had "*discretionary authority* in

3

carrying out the instructions of the conspiracy's principals...or played some part in *directing the affairs* of the RICO enterprise." (emphasis added) (internal quotations and citations omitted). Baisch v. Gallina, 346 F.3d 366, 376 (2d Cir. 2003). Thus, Plaintiffs are simply wrong in claiming that they have stated a Section 1962(c) claim because they allege that "without [Richard, Erika, Raina, and Baymiller's] voluntary and affirmative participation, the fraudulent scheme could not have been perpetuated." See Opp. at p. 15.

This Court has made clear that "[t]here is a difference between actual control over an enterprise and association with an enterprise in ways that do not involve control; only the former is sufficient under Reves because *the test is not involvement but control.*" Redtail Leasing, Inc. v. Bellezza, 1999 WL 32941, *4 (S.D.N.Y. 1999) (emphasis added) (internal citation omitted); Spinale v. U.S., 2004 WL 50873 (S.D.N.Y. 2004) ("Courts in this district have routinely held that aiding and abetting a RICO enterprise is not a valid cause of action.") (internal quotation omitted). In the present matter, Plaintiffs fail to make this distinction between involvement and assistance on one hand, and control on the other hand, incorrectly arguing that they are the same concept. However, as the above-described case law indicates, there is a significant difference between being associated with an alleged enterprise and *controlling* the alleged enterprise. Plaintiffs' Amended Complaint does not sufficiently account for and allege this key difference. Accordingly, Plaintiffs fail to state a cause of action against Richard, Erika, Raina, and Baymiller pursuant to Section 1962(c), and the claims should be dismissed in their entirety.

### POINT II

### PLAINTIFFS FAIL TO STATE A CAUSE OF ACTION FOR A RICO CONSPIRACY

#### A. Plaintiffs Offer No Factual Support for Their Conclusory Allegations of a Joint Agreement Between the Defendants

In is undisputed that a complaint must be dismissed for failure to state a cause of action when it contains nothing more than "'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atlantic Corp. v. Twombly,

550 U.S. 544, 557 (2007)). That is, there must be a factual predicate for the allegations in a complaint because "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Iqbal, supra at 678; Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.") (quoting Gebhardt v. Allspect, Inc., 96 F.Supp.2d 331, 333 (S.D.N.Y.2000) (internal citation and quotation marks omitted)). In the present matter, Plaintiffs fail to sustain this pleading burden for their RICO conspiracy claim under Section 1962(d) because the Amended Complaint is replete with conclusory assertions of joint conspiratorial agreements, without any factual basis for those assertions.

This is evident in Plaintiffs' brief in opposition to the instant Motion to Dismiss, in which Plaintiffs offer the circular logic that a copy-and-paste list of their conclusory allegations is proof that their allegations are not conclusory. See Opp. at p. 18-19. In their brief, Plaintiffs simply quote from their Amended Complaint at paragraphs 282, 283, 286, 287, 288, 290, 291, 292, 294, 295, 296, and 297, and then claim, "These allegations establish the Employee Members' knowledge of the collective goal and their implicit agreement to commit at least two predicate acts by promoting the fraudulent scheme to defraud Plaintiffs." Id. at p. 19. However, such an argument fails to demonstrate that there is *actual factual support* for the cited allegations. See Iqbal, supra at 678; Smith, supra at 240. In fact, an examination of the cited paragraphs demonstrates their conclusory nature, as the cited paragraphs contain no factual support.

In paragraphs "295," "296," and "297," Plaintiffs assert the existence of a conspiracy amongst the defendants to obtain group health insurance through mail and/or wire fraud, but do not cite any factual basis for their claim that such an agreement existed. See Amended Complaint at ¶295, 296, 297. Plaintiffs merely claim, without explanation, that it did. This is conclusory and insufficient. See Iqbal, supra at 678; Smith, supra at 240.

5

In paragraph "282," Plaintiffs conclusorily claim that the defendants "conspired and agreed" to obtain group health insurance at no cost or lower cost, but fail to explain the "facts upon which their claim of such an agreement is based. Id. at ¶282. Plaintiffs attempt to support their assertions by claiming that the defendants' alleged scheme to enroll in the health plan as employees of the Practice constitutes factual support for a conspiracy to obtain low or no-cost health insurance, but Plaintiffs fail to explain how they "know" that the defendants allegedly agreed amongst each other to enroll in the Practice's plan as employees. Id. at ¶286. This too, is conclusory and insufficient. See Iqbal, supra at 678; Smith, supra at 240.

In paragraph "287" and "288," Plaintiffs allege that the "Employee Members" agreed amongst each other to allow Dr. Hamner to submit false claims to Oxford regarding services rendered, but again, Plaintiffs fail to explain how they "know" that such an agreement existed. Id. at ¶287, 288. There is simply no factual support anywhere in the Amended Complaint to support this conclusory assertion. See Iqbal, supra at 678; Smith, supra at 240.

In paragraph "290," Plaintiffs suggest that because each individual defendant allegedly knew "that they could obtain healthcare services from medical providers other than Hamner, which would be covered by the Hamner P.C. Plan," that this constitutes a collective understanding amongst the defendants sufficient to state the existence of a RICO conspiracy. Id. at 290. However, this allegation is flawed because a claim that multiple people were separately and individually aware of the same fact *is not the same* as the existence of a collective understanding or conspiracy amongst those persons, especially when there are no facts alleged to suggest that each person knew that the other alleged conspiracy members possessed the same knowledge. In any event, Plaintiffs still fail to offer a factual basis for this claim. Id. See Iqbal, supra at 678; Smith, supra at 240.

In paragraphs 291, 292, and 294, Plaintiffs allege that the Employee members collectively knew that their acts constituted a pattern of racketeering activity and that they were using the Practice to commit these alleged acts. Id. at ¶291, 292. 294. Again, Plaintiffs fail to

6

explain the factual basis for their claim that the defendants supposedly knew of, and collectively agreed to, this purported scheme. Rather, Plaintiffs simply assert, without explanation, that the defendants all knew. Id. Thus, these paragraphs offer nothing more than conclusory assertions, and are insufficient to state a claim. Id. See Iqbal, supra at 678; Smith, supra at 240. Furthermore, these paragraphs do not set forth a factual predicate, but simply track RICO's statutory language. Id.; 18 U.S.C. §1962(d). Under Iqbal, a complaint that merely tracks the elements of a cause of action, without more, is insufficient to state a cause of action. See Iqbal, supra at 687 ("[A] formulaic recitation of the elements of a cause of action will not do.").

Lastly, in paragraph "283," Plaintiffs claim that the fact that all of the defendants were close friends or family sufficiently demonstrates a conspiracy. As Defendants noted in their Motion to Dismiss the Amended Complaint, the Court rejected that argument when Plaintiffs raised it in their original Complaint. See ECF Docket Entry #46 at p. 14. Plaintiffs conveniently avoid this in their opposition brief.

Accordingly, Plaintiffs fail to state a cause of action for a RICO conspiracy, and the claim should be dismissed, because their allegations are conclusory and without any factual support.

### B. Plaintiffs Fail to State a Cause of Action for a RICO Conspiracy Because the Law Does Not Recognize as a One-Person RICO Conspiracy

It is a well-settled point of law that there cannot be a one-person conspiracy. See Rogers v. U.S., 340 U.S. 367, 375 (1951) ("[A]t least two persons are required to constitute a conspiracy."); U.S. v. Green, 421 F.2d 1237, 1238 (2d Cir. 1970) (citing Rogers v. U.S.). In fact, this Court has held so twice, in the context of a RICO conspiracy. See Medinol Ltd. v. Boston Scientific Corp., 346 F.Supp.2d 575, 616 (S.D.N.Y. 2004) ("[I]f a substantive RICO claim fails, then the RICO conspiracy claim must fail as well."); Panix Promotions, Ltd. v. Lewis, 2002 WL 72932, *8 (S.D.N.Y. 2002) (Dismissing Section 1962(d) RICO conspiracy claim because the Court dismissed the substantive RICO claims against all but one defendant, and "conspiracy

allegations must fail since an agreement between two or more persons is a prerequisite to a conspiracy claim.").

In opposition to the instant Motion to Dismiss, Plaintiffs avoid the Medinol and Panix decisions by attempting to distinguish them from the present action based upon their facts. See Opp. at p. 20-21. However in doing so, Plaintiffs are trying to misdirect the Court from the undisputed precedent that *the law does not recognize* a one-person RICO conspiracy. See Medinol and Panix, supra. Because Plaintiffs fail to state substantive RICO claims against Richard, Erika, Raina, and Baymiller (see Point I, supra), there cannot be a RICO conspiracy consisting of just Dr. Hamner. See Medinol and Panix, supra. Accordingly, Plaintiffs fail to state a cause of action for a RICO conspiracy, and the claim should be dismissed against all defendants in its entirety.

8

## CONCLUSION

WHEREFORE, it is respectfully requested that on the facts, the law and for all the reasons set forth herein, that this Court enter an Order, pursuant to Fed. R. Civ. P. 12(b)(6), dismissing Plaintiffs': (1) Eighth, Ninth, Tenth, Eleventh, and Twelfth purported causes in their entirety, with prejudice; and (2) Plaintiffs' Fifth purported cause of action against Richard, Erika, Raina, and Baymiller in their entirety with prejudice, along with such other and further relief as this Court deems just and proper.

Dated: New York, New York
       September 30, 2013

KAUFMAN BORGEEST & RYAN LLP

*Jonathan Bruno* (signature)

Jonathan B. Bruno
Stephanie B. Gitnik
Alex N. Niederman
*Attorneys for Defendants*
*Daniel Hamner, M.D., Daniel Hamner*
*Physician, P.C., Daniel Hamner, M.D., P.C.,*
*Richard Hamner, Erika Macbride,*
*Raina Hamner, and Rae Baymiller*
120 Broadway, 14th Floor
New York, New York 10271
(212) 980-9600
KBR File No.: 862.216