UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X

OXFORD HEALTH INSURANCE, INC.,             Index No. 13 Civ 375
OXFORD HEALTH PLANS (NY), INC.,            (AKH, J.)(ECF Case)
UNITED HEALTHCARE INSURANCE
COMPANY OF NEW YORK, INC., and
UNITED HEALTHCARE SERVICES, INC.,

                    Plaintiffs,


          -against-


DANIEL HAMNER, M.D., DANIEL HAMNER
PHYSICIAN, P.C., DANIEL HAMNER,
M.D., P.C., ALLAN CHRISTOPHER AS
EXECUTOR FOR THE ESTATE OF ANNE M.
CHRISTOPHER, RICHARD HAMNER,
ERIKA MACBRIDE, RAINA HAMNER
and RAE BAYMILLER,

                    Defendants.

---------------------------------X



        DEFENDANT ALLAN CHRISTOPHER'S BRIEF
     IN SUPPORT OF MOTION FOR RECONSIDERATION




                    Richard Pu, Esq.
                    120 E. 90th St., 10C
                    New York, NY  10128
                    (212) 427-3665 (o)

## Table of Contents

Overview . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of Facts . . . . . . . . . . . . . . . . . . . . 1

      1.   The Parties . . . . . . . . . . . . . . . . . . . . 1

      2.   The Law of the Case . . . . . . . . . . . . . . . . 1

      3.   The Substitution of AC  . . . . . . . . . . . . . . 3

      4.   The 10/9/13 Decision Denying AC's Motion to Quash . . 4

    POINT I-- AC'S MOTION FOR RECONSIDERATION SHOULD BE GRANTED . . 6

<u>Overview</u>

Defendant Allan Christopher ("AC") submit this brief in support of his motion pursuant to Local Rule 6.3 for reconsideration of the Court's 10/9/13 decision denying his motion to quash service.  As shown below, the Court overlooked that:

> 1. The law of the case pertained to service on a non-existent entity with no fixed address;

> 2. The substitution of AC, an individual with a fixed address, required service at AC's address.

Accordingly, AC's motion for reconsideration should be granted.


<u>Statement of Facts</u>

1.    <u>The Parties</u>

Plaintiffs are insurance companies based in New York, Connecticut or Minnesota.  Defendant AC is an individual who was the executor for the late Anne M. Christopher, the person described in the Amended Complaint.  Amended Complaint ¶ 8, 9/4/13 Appendix, A. 17.[1]


2.    <u>The Law of the Case</u>

Plaintiff's initial complaint purported to sue a non-

---

[1] The citations are to the 9/4/13 Appendix, submitted in support of AC's motion to quash service of the Amended Complaint and Amended Summons.

existent entity called "the Estate of Anne M. Christopher".
7/30/13 Tr. 16, A. 8.  Plaintiffs purported to serve "the Estate
of Anne M. Christopher" by serving the Probate Court in
Connecticut, pursuant to a Connecticut statute.  Id. 8, A. 4.

Richard Pu ("Pu") appeared for "the Estate of Anne M.
Christopher", and moved to dismiss, for amongst other things,

1. failure to sue the right person, id. 16, A. 8;

2. failure to serve "the Estate of Anne M.
Christopher."  Id. 9-10, A. 5.

At the oral argument, with respect to the proper party, the Court
held that, under New York law, Plaintiffs were obligated to sue
AC.  Id. 16, A. 8.

However, en route to that decision, the Court held that
under CPLR § 313, service could be effected on "the Estate of
Anne M. Christopher" by leaving the papers with the Probate
Court.  7/30/13 Tr. 9-10, A. 5.  The Court arrived at that
conclusion through a multi-step reasoning process: 1) CPLR 313
permits service outside of New York in the same manner as service
within New York, 2) service within New York is governed by CPLR
308, 3) CPLR 308(4) permits nail-and-mail where in-hand delivery
or leave-and-mail can't be accomplished, and 4) therefore, under
CPLR 313, service could be effected in Connecticut by nail-and-
mail, 5) the Connecticut statute provided the equivalent of nail-

2

and-mail.  <u>Id</u>. 9-10, A. 5.

That reasoning is reflected in the transcript of the oral argument:

> "<u>Section 313</u> provides that a person subject to the jurisdiction of the Courts in the state under Section 302 -- I'm eliminating surplus wordage, which this -- it's a long arm jurisdiction, or as executor or administrator, which is what we have, may be served with a summons without the state, which is what we did, in the same manner as service is made within the state...
>
> <u>The relevant statute is Section 308 in four subparagraphs</u>.  Actually more, six subparagraphs.  We go to four.  <u>Where service under paragraphs 1 and 2 cannot be made with due diligence</u>, that is, you can't deliver the summons within the state, and you can't deliver the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling or usual place of abode, you can affix the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or place of business, with service then following other requirements to be complete a certain number of days after filing.  Or you can get an order.  I hold that service upon the Probate Court generally within the contemplation of the statute in Connecticut I read before <u>is the equivalent of Section 308(4)</u> of the CPLR and satisfies Rule 4 of the Federal Rules of Civil Procedure.  So I deny your motion to quash service of process."

7/30/13 Tr. 9-10, A. 5 (emphasis supplied).

3.   <u>The Substitution of AC</u>

Thereafter, Plaintiff filed an Amended Complaint which

3

substituted AC for "the Estate of Anne M. Christopher".  Amended
Complaint ¶ 8, A. 17.  In addition, Plaintiffs caused to be
issued an supplemental Summons naming AC.  8/9/13 Summons, A.
164.  Thereafter, Plaintiffs purported to serve AC by leaving the
papers with the Probate Court.  <u>See</u> 10/9/13 Decision 1-2.


4.  <u>The 10/9/13 Decision Denying AC's Motion to Quash</u>

        AC moved to quash service.  In so doing, AC noted that the
situation regarding service had changed: the defendant was now an
individual <u>with a fixed address</u> where he could be served by in-
hand delivery or by leave-and-mail, or by nail-and-mail.  9/4/13
Brf. 11.  Therefore, under CPLR §§ 313 and 308, Defendants were
required to effect service at AC's residence or usual place of
work.  <u>Id</u>.

        However, the Court applied the law of the case arising from
the 7/30/13 colloquy, when the estate was a non-existent entity
with no fixed location:

        "As I previously held, service upon the probate court
        in Connecticut satisfied Fed.R.Civ.P. 4 in this case.
        <u>See</u> Transcript of Oral Argument at 10:8-12...."
        10/9/13 Decision.

But as shown below, the Court overlooked that the situation had
changed: the defendant was no longer a non-existent entity, such
that nail-and-mail in Connecticut might be appropriate.  Rather,

4

the defendant was now an individual with a fixed address, which, under CPLR §§ 313 and 308, required service at his address-- be it by in-hand delivery, leave-and-mail or nail-and-mail.

POINT I

<u>AC'S MOTION FOR RECONSIDERATION SHOULD BE GRANTED</u>

AC moves pursuant to Local Rule 6.3 for reconsideration.  As noted in the Statement of Facts:

    1. the law of the case pertained to service on a non-existent entity with no fixed address, Statement of Facts 1, <u>supra</u>;

    2. that non-existence entity was replaced by AC, an individual with a fixed address, <u>id</u>. 4, <u>supra</u>;

    3. under CPLR §§ 313 and 308, service on an individual must be effected at his address or usual place of work. <u>Id</u>. 4, <u>supra</u>.

Thus, leaving the papers with the Probate Court failed to satisfy CPLR §§ 313 and 308, and <u>a fortiori</u>, FRCP 4.

Accordingly, the Court should grant AC's motion, and upon reconsideration, should quash the purported service by Plaintiffs.

Dated: New York, NY
      October 11, 2013

_____

      Richard Pu

      120 E. 90th St., 10C
      New York, NY 10128
      (212) 427-3665 (o)

6

7