UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
OXFORD HEALTH INSURANCE, INC., OXFORD
HEALTH PLANS (NY), INC., UNITED
HEALTHCARE INSURANCE COMPANY OF
NEW YORK, INC. and UNITED HEALTHCARE
SERVICES, INC.,

                    Plaintiffs,
      -against-

DANIEL HAMNER, M.D., DANIEL HAMNER
PHYSICIAN, P.C., DANIEL HAMNER, M.D., P.C.,
ALLAN CHRISTOPHER AS EXECUTOR FOR
THE ESTATE OF ANNE M. CHRISTOPHER,
RICHARD HAMNER, ERIKA MACBRIDE,
RAINA HAMNER and RAE BAYMILLER,

                    Defendants.
------------------------------------------------------------------------X

Civil. Action No.
13-CV-375 (AKH)(KNF)

**DOCUMENT
ELECTRONICALLY
FILED**

---

# PLAINTIFFS' OPPOSITION TO DEFENDANT ALLAN CHRISTOPHER AS EXECUTOR FOR THE ESTATE OF ANNE M. CHRISTOPHER'S MOTION FOR RECONSIDERATION AND IN SUPPORT OF THEIR CROSS-MOTION FOR COSTS AND ATTORNEY'S FEES

---

SEDGWICK LLP
*Attorneys for Plaintiffs*
225 Liberty Street, 28th Floor
New York, New York 10281
Telephone: (212) 422-0202

Michael H. Bernstein
John T. Seybert
Julie Y. Kim
    *Of Counsel*

DOCS/18041083v1

## **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ..........................................................................................................1

ARGUMENT ...................................................................................................................................3

    POINT I

    THE EXECUTOR'S MOTION IS UNTIMELY ............................................................................3

    POINT II

    THE EXECUTOR'S RECONSIDERATION MUST BE DENIED
    BECAUSE IT DOES NOT IDENTIFY ANY LAW OR FACTS
    OVERLOOKED BY THE COURT OR ANY CLEAR ERROR IN
    ITS PRIOR RULINGS ..................................................................................................................5

    POINT III

    PLAINTIFFS ARE ENTITLED TO THE REASONABLE COSTS
    AND ATTORNEY'S FEES ASSOCIATED WITH EFFECTUATING
    FORMAL SERVICE OF PROCESS ON THE EXECUTOR UNDER RULE 4(d)(2) ...............7

CONCLUSION ................................................................................................................................8

CERTIFICATE OF SERVICE ........................................................................................................9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Cordero* v. *Astrue*,
    574 F. Supp. 2d 373 (S.D.N.Y. 2008) ................................................................................5

*Davey* v. *Dolan*,
    496 F. Supp. 2d 387 (S.D.N.Y. 2007) ................................................................................7

*In re Health Mgmt. Sys. Inc. Sec. Litig.*,
    113 F. Supp. 2d 613 (S.D.N.Y. 2000) ................................................................................5

*MBIA Ins. Corp.* v. *Patriarch Partners VIII, LLC*,
    842 F. Supp. 2d 682 (S.D.N.Y. 2012) ................................................................................4

*Mikol* v. *Barnhart*,
    554 F. Supp. 2d 498 (S.D.N.Y. 2008) ................................................................................5

*Montanile* v. *Nat'l Broadcasting Co.*,
    216 F. Supp. 2d 341 (S.D.N.Y. 2002) ............................................................................ 5, 6

*North River Ins. Co.* v. *Philadelphia Reinsurance Corp.*,
    63 F.3d 160 (2d Cir.1995) ..................................................................................................4

*Schonberger* v. *Serchuk*,
    742 F. Supp. 108 (S.D.N.Y. 1990) ....................................................................................5

*Schrader* v. *CSX Transp., Inc.*,
    70 F.3d 255 (2d Cir. 1995) ................................................................................................6

*Thompson* v. *U.S.*,
    No. 09 Civ. 1966 (AKH), 2010 WL 3564423 (S.D.N.Y. Sept. 7, 2010) ............................4

*Virgin Atl. Airways, Ltd.* v. *Nat'l Mediation Bd.*,
    956 F.2d 1245 (2d Cir. 1992) ............................................................................................5

**Statutes**

CONN. GEN. STAT. § 52-61 .............................................................................................. 2, 6, 7

CPLR 308(4) .............................................................................................................................6

**Rules**

FED. R. CIV. P., Rule 4 ................................................................................................... 1, 3, 4, 6, 7, 8

FED. R. CIV. P., Rule 46(d)(2) ................................................................................................... 3

Local Rule 6.3 ................................................................................................... 1, 2, 3, 4, 5

**PRELIMINARY STATEMENT**

Plaintiffs Oxford Health Insurance, Inc., Oxford Health Plans (NY), Inc., United Healthcare Insurance Company of New York, Inc. and United HealthCare Services, Inc. (collectively referred to herein as "Plaintiffs"), respectfully submit this Memorandum of Law in opposition to Defendant Allan Christopher as Executor for the Estate of Anne M. Christopher's (the "Executor") motion pursuant to Local Rule 6.3 for reconsideration of this Court's Order dated October 8, 2013 denying the Executor's motion to dismiss on grounds that Plaintiffs failed to properly serve him with the Amended Complaint. Plaintiffs also submit this Memorandum of Law in Support of their cross-motion for the reasonable costs and attorney's fees incurred in having to formally effectuate service upon the Executor and oppose this vexatious motion.

On July 30, 2013, this Court ruled that Plaintiffs had properly effectuated service on the Executor by personally delivering the Summons and Complaint to the Connecticut probate court where the Estate was administered and allowed Plaintiffs to amend their Complaint to cure a technical defect in naming the Estate rather than the Executor as a defendant in this action. It is undisputed that the Executor, who resides in New Hampshire, received notice of this lawsuit by no later than March 5, 2013 and retained Richard Pu as his counsel. (Doc. No. 49-1). In fact, Mr. Pu has represented the Executor from the outset of this litigation. As a result of the technical change of the defendant from the Estate to the Executor, another summons was issued for the Executor, which Plaintiffs were then required to serve upon him. Rather than avoiding the unnecessary expense of formal service of process as required by Rule 4(d)(1), FED. R. CIV. P., the Executor used the issuance of the new summons to engage in gamesmanship in an effort to avoid service of process. First, the Executor's counsel unjustifiably refused to execute the waiver of service, requiring Plaintiffs to incur the expense of formally effectuating service on the Executor. Second, and despite Plaintiffs' service on the Executor in accordance with Rule 4, FED. R. CIV. P., and this

Court's prior rulings on this issue, the Executor is now challenging Plaintiffs' service on the Executor for the third time. This motion is entirely without merit because, once again, Plaintiffs properly served the Executor pursuant to CONN. GEN. STAT. § 52-61, which is entitled, "Service Upon Nonresident Fiduciaries," and provides that "[p]rocess in civil action against a nonresident executor . . . in his representative capacity . . . may be served by leaving a true and attested copy thereof with the judge of probate or probate court that appointed the nonresident executor . . . and such judge or court shall forthwith give notice thereof to such executor . . . ." And again, this Court has twice before ruled that such service is sufficient. Nonetheless, the Executor persists with this third motion on the same issue which, at this point, can only be viewed as vexatious motion practice.

      The Executor's motion should be denied for several reasons. First, the Executor's motion is untimely. The basis for his motion for reconsideration relates to this Court's ruling on his initial motion to dismiss, which was orally argued at a hearing on July 30, 2013. During the hearing, counsel for the Executor argued that Plaintiffs had failed to properly serve the Executor with process. The Court considered the parties' arguments on this issue and ultimately held that service of Plaintiffs' Complaint on the Connecticut probate court satisfied the requirements of Rule 4 of the Federal Rules of Civil Procedure. The Court's Order on the Executor's motion to dismiss the Complaint was entered on July 31, 2013. In its October 8, 2013 Order, this Court merely cited its previous ruling on this issue and found (again) that Plaintiffs could effectuate service of process on the Executor by personally delivering the summons to the probate court of the locality where the Estate was administered. The Executor's second motion to dismiss did not abrogate the "law of the case" doctrine, which applies to this Court's original ruling. Moreover, Local Rule 6.3 specifically provides that reconsideration motions of the kind the Executor has now filed "shall be served within fourteen (14) days after the entry of the Court's determination of the original motion . . . ."

2

Accordingly, the Executor's time to move for reconsideration under Local Rule 6.3 expired on August 13, 2013 – 14 days after the entry of the Court's original order on the Executor's original motion to dismiss.

Second, the Executor's motion fails to establish his entitlement to relief under Local Rule 6.3. In order to prevail on a motion for reconsideration, the movant must demonstrate that the court overlooked law or facts in reaching its conclusion, or that the court's ruling was clearly in error. Here, however, the Executor has failed to establish any facts or law that this Court failed to consider and has not demonstrated any clear error in the Court's prior ruling on point. As such, the Executor's motion must be denied.

Finally, the Executor's refusal to waive the requirement of formal service of the new Summons and Amended Complaint after he received a written waiver form is a violation of Rule 4(d)(1), FED. R. CIV. P., which imposes a duty upon a party subject to service to avoid the unnecessary expense of requiring formal service. Despite the Executor's counsel having received the original Summons and Complaint, he unjustifiably refused to waive service. Furthermore, the Executor's meritless motion for reconsideration underscores the vexatious nature of his behavior. Under Rule 4(d)(2), FED. R. CIV. P., Plaintiffs are entitled to recover the fees incurred in effectuating formal service on the Executor, as well as the attorney's fees associated with opposing this baseless motion.

## ARGUMENT

### POINT I
### THE EXECUTOR'S MOTION IS UNTIMELY

Local Rule 6.3 requires that "a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion . . . ." In his motion for reconsideration, the Executor concedes that this Court first addressed his argument at a hearing held on July 30, 2013, during

3

which the parties argued the points raised in defendants' original motions to dismiss. (Executor's Br., 2). The issue of service of process on the Executor was fully briefed and argued, having been briefed by the Executor (Doc. No. 25, p. 11; 33, pp. 3-4), opposed by Plaintiffs (Doc. No. 29 pp. 27-30), and addressed at length during oral argument. (7/30/13 Transcript, TT. 7:24-10:18). The Court's Order denying the Executor's motion to dismiss for failure to effectuate service of process was entered the next day, on July 31, 2013. (Doc. No. 35).

As noted above, Local Rule 6.3 required the Executor to move for reconsideration within fourteen days of the entry of the Court's Order on the Executor's original motion — i.e., within fourteen days of July 31, 2013 (i.e., by August 14, 2013). In his second motion to dismiss, the Executor improperly raised this issue again, although the Court had already rejected it in its prior order. The Court then applied the "law of the case" doctrine in its Order dated October 8, 2013, noting that it had already ruled on this issue ("… [a]s I previously held, service upon the probate court in Connecticut satisfied FED. R. CIV. P. 4 in this case"). (Doc. No. 58). The Executor cannot not seek reconsideration of this Court's July 31, 2013 Order. *See North River Ins. Co.* v. *Philadelphia Reinsurance Corp.,* 63 F.3d 160, 164 (2d Cir.1995). Local Rule 6.3, which required the Executor to move for reconsideration by no later than August 14, 2013, is narrowly construed and strictly applied. *MBIA Ins. Corp.* v. *Patriarch Partners VIII, LLC*, 842 F. Supp. 2d 682, 716 (S.D.N.Y. 2012) ("A court must narrowly construe and strictly apply Local Rule 6.3, so as to avoid duplicative rulings on previously considered issues, and to prevent the rule from being used as a substitute for appealing a final judgment") (citations omitted); *Thompson* v. *U.S.*, No. 09 Civ. 1966 (AKH), 2010 WL 3564423 *2 (S.D.N.Y. Sept. 7, 2010) ("Thompson's motion is untimely. Thompson moves for reconsideration of the July 19, 2010 order denying his petition. Under Local Civil Rule 6.3, he had fourteen days, or until August 2, 2010, to file his motion. The motion was not filed under August

24, 2010. Accordingly, the motion is denied as untimely.")  As such, the Executor's motion for reconsideration filed on October 11, 2013 is untimely and should be denied on this ground alone.

## POINT II
## THE EXECUTOR'S RECONSIDERATION MUST BE DENIED BECAUSE IT DOES NOT IDENTIFY ANY LAW OR FACTS OVERLOOKED BY THE COURT OR ANY CLEAR ERROR IN ITS PRIOR RULINGS

Under Local Rule 6.3, a court may grant a motion for reconsideration or reargument only where the court finds that it has overlooked controlling decisions or factual matters that were "put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." *Mikol* v. *Barnhart*, 554 F. Supp. 2d 498, 500 (S.D.N.Y. 2008) (internal quotation marks and citations omitted); *Cordero* v. *Astrue*, 574 F. Supp. 2d 373, 379 (S.D.N.Y. 2008) (citations omitted).  Grounds justifying reconsideration include an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice. *Id.* at 379-380 (citing *Virgin Atl. Airways, Ltd.* v. *Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

Reconsideration of a prior court order is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (internal quotation marks and citations omitted). Local Rule 6.3 is narrowly construed and strictly applied to avoid repetitive arguments on issues that have already been fully considered by the court. *Mikol*, 554 F. Supp. 2d at 500 (citation omitted); *Schonberger* v. *Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990) (stating that "provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered and decided"); *Montanile* v. *Nat'l Broadcasting Co.*, 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002) ("A court must narrowly construe and strictly apply Local Rule 6.3, so as to avoid duplicative rulings on previously considered issues, and to prevent the rule from being used as a substitute for appealing a final judgment") (citations omitted).  If the movant fails to demonstrate that any controlling

5

authority or facts have actually been overlooked and merely offers the same basic arguments made in the original motion, the motion for reconsideration must be denied. *Id.* (citing *Schrader* v. *CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

In its Order dated October 8, 2013, this Court held that "service [of the Amended Complaint] upon the probate court in Connecticut satisfied FED. R. CIV. P. 4 in this case" was sufficient service of process based on its prior legal analysis on July 30, 2013. (Doc. No. 58). During the July 30, 2013 hearing, the Court held that "service upon the Probate Court generally within the contemplation of the statute in Connecticut . . . is the equivalent of section 308(4) of the CPLR and satisfies Rule 4 of the Federal Rules of Civil Procedure." (Transcript of Proceedings Held on July 30, 2013, TT. 10:8-12, Doc. No. 37). The Executor improperly argues that the Court's October 8, 2013 Order relies on the Court's original reasoning on this point, and that this reasoning and original ruling from July 30, 2013 are erroneous. (Executor's Br., 2). As discussed below, however, the Executor fails to raise any material facts or law that the Court overlooked when it rejected his argument for the second time, after he belatedly asserted it in his motion to dismiss Plaintiff's Amended Complaint.

In an unsuccessful bid to manufacture sufficient grounds in his motion for reconsideration, the Executor argues that the Court failed to consider that the he is an individual with a fixed address, as opposed to the Court's prior ruling involving the Estate of Anne M. Christopher, which the Executor peculiarly describes as a "non-existent entity with no fixed location." (Executor's Br., 4). This purported distinction is not material and has no effect on the sufficiency of service. Although Plaintiffs' original Complaint named the Estate as a defendant, the Complaint was ultimately delivered to the Executor, as Plaintiffs had intended when they effectuated service on the Connecticut probate court in accord with CONN. GEN. STAT. §52-61. As demonstrated by several emails from the Executor before he retained counsel, he received the Complaint and planned to

6

appear in the action. (Doc. No. 49-1). The Amended Complaint was similarly served on the Executor. Section 52-61, CONN. GEN. STAT., applies to service of process on non-resident fiduciaries of an Estate. The statute includes no exceptions for a fiduciary with a "fixed address." The Executor's motion for reconsideration must therefore be viewed as nothing more than a transparent effort to get an impermissible third "bite at the apple" on this issue. *Davey* v. *Dolan*, 496 F. Supp. 2d 387, 389 (S.D.N.Y. 2007) ("A motion for reconsideration is not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved.") (Internal quotation marks and citations omitted). Consequently, the Executor's motion should be denied.

**POINT III**
**PLAINTIFFS ARE ENTITLED TO THE REASONABLE**
**COSTS AND ATTORNEY'S FEES ASSOCIATED WITH EFFECTUATING**
**FORMAL SERVICE OF PROCESS ON THE EXECUTOR UNDER RULE 4(d)(2)**

Plaintiffs requested that the Executor's counsel return a written waiver of service of summons form with respect to the new Summons and Amended Complaint. (Doc. No. 49-2). The Executor's counsel did not advise Plaintiffs of his refusal to sign the waiver form until he argued in his second motion to dismiss that service of the Amended Complaint failed to comply with Rule 4. This litigation "tactic" merely evidences the Executor's ill-conceived attempt to delay the resolution of the real issues in this action by raising meritless procedural defenses, and further undermines the Executor's argument that he should be entitled to reconsideration of the Court's ruling that service of Plaintiffs' Amended Complaint complied with Rule 4. Because of the Executor's refusal to comply with Rule 4(d)(1), FED. R. CIV. P., and thereby avoid unnecessary costs of formal service of process, Plaintiffs were required to incur substantial costs to effectuate that service, which was completed on September 17, 2013. (Doc. No. 49-9). Pursuant to Rule 4(d)(2), FED. R. CIV. P., Plaintiffs are entitled to reimbursement for these expenses, including the costs of service on the

Connecticut probate court and attorney's fees incurred in opposing this third motion on a settled point of law on which this Court has previously ruled twice.[1]

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court deny the Executor's motion for reconsideration and grant Plaintiffs' cross-motion for costs and attorney's fees under Rule 4(d)(2), FED. R. CIV. P.

Dated:  New York, New York
        October 24, 2013

> Respectfully submitted,
>
> SEDGWICK LLP
>
>    s/Michael H. Bernstein
> Michael H. Bernstein  (MB 0579)
> John T. Seybert  (JS 5014)
> Attorneys for Plaintiffs
> OXFORD HEALTH INSURANCE, INC.,
> OXFORD HEALTH PLANS (NY), INC.,
> UNITEDHEALTHCARE INSURANCE COMPANY
> OF NEW YORK, INC.,  AND UNITED
> HEALTHCARE SERVICES, INC.
> 225 Liberty Street, 28th Floor
> New York, New York 10281
> Telephone: (212) 422-0202
> Email:  michael.bernstein@sedgwicklaw.com
> Email:  john.seybert@sedgwicklaw.com

---

[1] Plaintiffs respectfully request the opportunity to submit the invoice for service of process on the Executor and the total amount of attorney's fees incurred in opposing this motion if the Court finds that there is a sufficient basis for an award of fees and costs under Rule 4(d)(2), FED. R. CIV. P.

## CERTIFICATE OF SERVICE

I, Michael H. Bernstein, hereby certify and affirm that a true and correct copy of the attached **Plaintiffs' Opposition to Defendant Allan Christopher as Executor for The Estate of Anne M. Christopher's Motion for Reargument And in Support of Its Cross-Motion for Costs and Attorney's Fees** was served via ECF on October 24, 2013, upon the following:

Richard Pu, Esq.
RICHARD PU, P.C.
120 East 90th Street, Suite 10C
New York, New York 10128
Telephone: (212) 427-3665
*Attorneys for Defendant*
*Allan Christopher, as Executor for The Estate of Anne M. Christopher*

Jonathan B. Bruno, Esq.
KAUFMAN BORGEEST & RYAN LLP
120 Broadway, 14th floor
New York, New York 10271
Telephone: (212) 980-9600
*Attorneys for Defendants*
*Daniel Hamner, M.D., Daniel Hamner Physician, P.C.,*
*Daniel Hamner M.D., P.C., Richard Hamner, Erika*
*Macbride, Raina Hamner and Rae Baymiller*

Dated:  New York, New York
        October 24, 2013

                                    s/Michael H. Bernstein
                                    MICHAEL H. BERNSTEIN (MB 0579)