```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
OXFORD HEALTH INSURANCE, INC.,
OXFORD HEALTH PLANS (NY), INC.,            Civil Action No.
UNITED HEALTHCARE INSURANCE                13-CV-375 (AKH) (KNF)
COMPANY OF NEW YORK, INC. and
UNITED HEALTHCARE SERVICES, INC.

                    Plaintiffs,            ANSWER TO AMENDED COMPLAINT

       - against -

DANIEL HAMNER, M.D., DANIEL HAMNER
PHYSICIAN, P.C., DANIEL HAMNER, M.D., P.C.,
ALLAN CHRISTOPHER AS EXECUTOR FOR THE
ESTATE OF ANNE M. CHRISTOPHER, RICHARD
HAMNER, ERIKA MACBRIDE, RAINA HAMNER and
RAE BAYMILLER,

                    Defendants.
---------------------------------------------------------------x
```

Defendants Daniel Hamner, M.D. ("Dr. Hamner"), Daniel Hamner Physician, P.C. and Daniel Hamner, M.D., P.C. (both entities collectively, "the Practice"), Richard Hamner ("Richard"), Erika Macbride ("Erika"), Raina Hamner ("Raina"), and Rae Baymiller ("Baymiller") (collectively, "Defendants") hereby respond to Plaintiffs' Amended Complaint, dated August 9, 2013, as follows:

1.  Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 1 of the Amended Complaint.

2.  Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 2 of the Amended Complaint.

3.  Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 3 of the Amended Complaint.

4.  Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 4 of the Amended Complaint.

5.  Defendants admit the allegations in paragraph 5 of the Amended Complaint.

6. Defendants deny the allegations in paragraph 6 of the Amended Complaint.

7. Defendants admit the allegations in paragraph 7 of the Amended Complaint.

8. Defendants admit the allegations in paragraph 8 of the Amended Complaint.

9. Defendants admit that Richard Hamner is Dr. Hamner's brother, and deny the remaining allegations in paragraph 9 of the Amended Complaint.

10. Defendants admit that Erika MacBride is Richard Hamner's wife, and deny the remaining allegations in paragraph 10 of the Amended Complaint.

11. Defendants admit the allegations in paragraph 11 of the Amended Complaint that Raina is Dr. Hamner's niece and Richard Hamner's daughter, and deny the remaining allegations in paragraph 11 of the Amended Complaint.

12. Defendants admit the allegations in paragraph 12 of the Amended Complaint.

13. Defendants admit the allegations in paragraph 13 of the Amended Complaint that they were enrolled in an employee welfare benefit plan, deny the remaining allegations in paragraph 13 of the Amended Complaint, and refer all legal questions regarding jurisdiction to the Court for adjudication.

14. Defendants deny the allegations in paragraph 14 of the Amended Complaint, and refer all legal questions regarding jurisdiction to the Court for adjudication.

15. Defendants deny the allegations in paragraph 15 of the Amended Complaint, and refer all legal questions regarding jurisdiction to the Court for adjudication.

16. Defendants admit the allegation in paragraph 16 of the Amended Complaint that he was licensed to practice medicine in the State of New York on February 25, 1977, and denies the remaining allegations in paragraph 16 of the Amended Complaint.

17. Defendants admit the allegations in paragraph 17 of the Amended Complaint.

18. Defendants admit the allegations in paragraph 18 of the Amended Complaint.

19. Defendants admit the allegations in paragraph 19 of the Amended Complaint.

20. Defendants admit the allegations in paragraph 20 of the Amended Complaint.

21. Defendants admit the allegations in paragraph 21 of the Amended Complaint.

22. Defendants admit the allegations in paragraph 22 of the Amended Complaint.

23. Defendants admit the allegations in paragraph 23 of the Amended Complaint.

24. Defendants admit the allegations in paragraph 24 of the Amended Complaint.

25. Defendants admit the allegations in paragraph 25 of the Amended Complaint.

26. Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 26 of the Amended Complaint.

27. Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 27 of the Amended Complaint.

28. Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 28 of the Amended Complaint.

29. Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 29 of the Amended Complaint.

30. Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 30 of the Amended Complaint.

31. Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 31 of the Amended Complaint.

32. Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 32 of the Amended Complaint.

33. Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 33 of the Amended Complaint.  Dr. Hamner also specifically denies knowledge or information sufficient to form a belief as to the allegation in paragraph 33 of the Amended Complaint that he is aware of Plaintiffs' specific business practice business.

34. Defendants admit only that Dr Hamner was a plan administrator for his employer group insurance plan procured through the New York County Medical Society, and deny the remaining allegations in paragraph 34 of the Amended Complaint.

35. Defendants admit that the NY Freedom Plan Metro Certificate speaks for itself, and deny the remaining allegations in paragraph 35 of the Amended Complaint.

36. Defendants admit that the NY Freedom Plan Metro Certificate speaks for itself, and deny the remaining allegations in paragraph 36 of the Amended Complaint.

37. Defendants admit that the NY Freedom Plan Metro Certificate speaks for itself, and deny the remaining allegations in paragraph 37 of the Amended Complaint.

38. Defendants admit that the NY Freedom Plan Metro Certificate speaks for itself, and deny the remaining allegations in paragraph 38 of the Amended Complaint.

39. Defendants admit that the NY Freedom Plan Metro Certificate speaks for itself, and deny the remaining allegations in paragraph 39 of the Amended Complaint.

40. Defendants admit that the NY Freedom Plan Metro Certificate speaks for itself, and deny the remaining allegations in paragraph 40 of the Amended Complaint.

41. Defendants admit that the NY Freedom Plan Metro Certificate speaks for itself, and deny knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 41 of the Amended Complaint regarding Oxford's practices when it receives a claim.

42. Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 42 of the Amended Complaint.

43. Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 43 of the Amended Complaint.

44. Defendants admit that the terms of the NY Freedom Plan Metro Certificate speaks for themselves, and deny the remaining allegations in paragraph 44 of the Amended Complaint.

45. Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 45 of the Amended Complaint.

46. Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 46 of the Amended Complaint.

47. Defendants admit that some self-funded plans contain the same out-of-pocket requirements for out-of network services, requiring the member to make deductible and co-insurance payments, and denies the remaining allegations in paragraph 47 of the Amended Complaint.

48. Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 48 of the Amended Complaint.

49. Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 49 of the Amended Complaint.

50. Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 50 of the Amended Complaint.

51. Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 51 of the Amended Complaint.

52. Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 52 of the Amended Complaint.

53. Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 53 of the Amended Complaint.

54. Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 54 of the Amended Complaint, and refer all questions of law regarding contractual obligations to the Court for adjudication.

55. Defendants admit that at various times, Dr. Hamner has submitted bills to Plaintiffs for processing and payment. Dr. Hamner denies the remaining allegations in paragraph 55 of the Amended Complaint.

56. Defendants admit that at various times, Dr. Hamner used CPT codes on claims submitted to insurance providers. Dr. Hamner denies the remaining allegations in paragraph 56 of the Amended Complaint.

57. Defendants admit the allegations in paragraph 57 of the Amended Complaint.

58.     Defendants admit that CMS-1500 form and instructions are published by the federal government, and deny knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 58 of the Amended Complaint.

59.     Defendants admit that the CMS-1500 claim form speaks for itself, and deny the remaining allegations in paragraph 59 of the Amended Complaint.

60.     Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 60 of the Amended Complaint.

61.     Defendants admit that providers may use EDI to submit claims to Plaintiffs, and deny knowledge or information sufficient to form a belief as to the allegations in paragraph 61 of the Amended Complaint.

62.     Defendants admit the allegations in paragraph 62 of the Amended Complaint.

63.     Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 63 of the Amended Complaint.

64.     Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 64 of the Amended Complaint.

65.     Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 65 of the Amended Complaint.

66.     Defendants admit the allegations in paragraph 66 of the Amended Complaint.

67.     Defendants admit that the claims that Dr. Hamner and the Practice submitted speak for themselves, and that Dr. Hamner and the Practice received payments from Plaintiffs. Defendants deny the remaining allegations in paragraph 67 of the Amended Complaint.

68.     Defendants deny the allegations in paragraph 68 of the Amended Complaint.

69.     Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 69 of the Amended Complaint.

70.     Defendants deny the allegations in paragraph 70 of the Amended Complaint.

71.     Defendants deny the allegations in paragraph 71 of the Amended Complaint.

72. Defendants deny the allegations in paragraph 72 of the Amended Complaint.

73. Defendants deny the allegations in paragraph 73 of the Amended Complaint.

74. Defendants deny the allegations in paragraph 74 of the Amended Complaint.

75. Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 75 of the Amended Complaint.

76. Defendants deny the allegations in paragraph 76 of the Amended Complaint.

77. Defendants admit the allegations in paragraph 77 of the Amended Complaint.

78. Defendants admit that N.Y. Educ. Law §6530(32) speaks for itself, and admit that under certain circumstances, Dr. Hamner was obligated to maintain his records as described in that statute. Defendants deny the remaining allegations in paragraph 78 of the Amended Complaint, and refer all questions of law to the Court for adjudication.

79. Defendants deny the allegations in paragraph 79 of the Amended Complaint.

80. Defendants admit that Plaintiff's Exhibit B speaks for itself, and deny knowledge or information sufficient to form a belief as to the accuracy of Plaintiff's calculations referenced therein and in paragraph 80 of the Amended Complaint.

81. Defendants admit that Plaintiff's Exhibit C speaks for itself, and deny knowledge or information sufficient to form a belief as to the accuracy of Plaintiff's calculations referenced therein and in paragraph 81 of the Amended Complaint.

82. Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 82 of the Amended Complaint.

83. Defendants deny the allegations in paragraph 83 of the Amended Complaint.

84. Defendants deny the allegations in paragraph 84 of the Amended Complaint.

85. Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 85 of the Amended Complaint.

86. Defendants deny the allegations in paragraph 86 of the Amended Complaint.

2383904

87. Defendants deny the allegations in paragraph 87 of the Amended Complaint.

88. Defendants deny the allegations in paragraph 88 of the Amended Complaint.

89. Defendants deny the allegations in paragraph 89 of the Amended Complaint.

90. Defendants deny the allegations in paragraph 90 of the Amended Complaint.

91. Defendants deny the allegations in paragraph 91 of the Amended Complaint.

92. Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 92 of the Amended Complaint.

93. Defendants admit the allegations in paragraph 93 of the Amended Complaint.

94. Defendants admit the allegations in paragraph 94 of the Amended Complaint.

95. Defendants admit that the Certificate of Coverage cited in paragraph 95 of the Amended Complaint speaks for itself.

96. Defendants admit the allegations in paragraph 96 of the Amended Complaint.

97. Defendants admit only that Dr. Hamner was a Plan Administrator, deny the remaining allegations in paragraph 97 of the Amended Complaint, and refer all questions of law regarding a Plan Administrator's duties to the Court for adjudication.

98. Defendants admit the allegations in paragraph 98 of the Amended Complaint.

99. Defendants admit only that Anne, Richard, Erika, Raina, and Baymiller were enrolled in the Plan as employees, and deny the remaining allegations in paragraph 99 of the Amended Complaint.

100. Defendants deny the allegations in paragraph 100 of the Amended Complaint.

101. Defendants admit the allegations in paragraph 101 of the Amended Complaint.

102. Defendants admit the allegations in paragraph 102 of the Amended Complaint.

103. Defendants admit the allegations in paragraph 103 of the Amended Complaint.

104. Defendants admit the allegations in paragraph 104 of the Amended Complaint.

105. Defendants admit the allegations in paragraph 105 of the Amended Complaint.

2383904

106. Defendants admit the allegations in paragraph 106 of the Amended Complaint that Dr. Hamner produced a 1099-Misc form which speaks for itself, and that Dr. Hamner did not provide Plaintiffs with a W-2 form. Defendants deny the remaining allegations in paragraph 106 of the Amended Complaint.

107. Defendants deny the allegations in paragraph 107 of the Amended Complaint.

108. Defendants admit the allegations in paragraph 108 of the Amended Complaint.

109. Defendants admit the allegations in paragraph 109 of the Amended Complaint.

110. Defendants admit the allegations in paragraph 110 of the Amended Complaint.

111. Defendants admit at certain times, the allegations in paragraph 111 of the Amended Complaint.

112. Defendants admit the allegations in paragraph 112 of the Amended Complaint that Dr. Hamner did not provide Plaintiffs with a 1099-Misc form or a W-2 form for the years that Richard was enrolled in the Plan, and deny the remaining allegations in paragraph 112 of the Amended Complaint.

113. Defendants deny the allegations in paragraph 113 of the Amended Complaint.

114. Defendants admit the allegations in paragraph 114 of the Amended Complaint.

115. Defendants admit the allegations in paragraph 115 of the Amended Complaint.

116. Defendants admit the allegations in paragraph 116 of the Amended Complaint.

117. Defendants admit the allegations in paragraph 117 of the Amended Complaint.

118. Defendants admit the allegations in paragraph 118 of the Amended Complaint that Dr. Hamner did not provide Plaintiffs with a 1099-Misc form or a W-2 form for the years that Erika was enrolled in the Plan, and deny the remaining allegations in paragraph 118 of the Amended Complaint.

119. Defendants deny the allegations in paragraph 119 of the Amended Complaint.

120. Defendants admit the allegations in paragraph 120 of the Amended Complaint.

9

2383904

121. Defendants at certain times, the allegations in paragraph 121 of the Amended Complaint.

122. Defendants admit the allegations in paragraph 122 of the Amended Complaint that Dr. Hamner produced a 1099-Misc form which speaks for itself, and that Dr. Hamner did not provide Plaintiffs with a W-2 form.  Defendants deny the remaining allegations in paragraph 122 of the Amended Complaint.

123. Defendants deny the allegations in paragraph 123 of the Amended Complaint.

124. Defendants admit the allegations in paragraph 124 of the Amended Complaint.

125. Defendants admit the allegations in paragraph 125 of the Amended Complaint.

126. Defendants admit the allegations in paragraph 126 of the Amended Complaint.

127. Defendants admit that at certain times, Baymiller was a designer, a patient of Dr. Hamner, and had a personal relationship with Dr. Hamner.  Defendants deny the remaining allegations in paragraph 127 of the Amended Complaint.

128. Defendants admit that at certain times, Baymiller lived in Santa Fe, New Mexico, and that she was, at certain times, an employee of the Practice.  Defendants deny the remaining allegations in paragraph 128 of the Amended Complaint.

129. Defendants admit the allegations in paragraph 129 of the Amended Complaint that Dr. Hamner produced a 1099-Misc form which speaks for itself, and that Dr. Hamner did not provide Plaintiffs with a W-2 form.  Defendants deny the remaining allegations in paragraph 129 of the Amended Complaint.

130. Defendants deny the allegations in paragraph 130 of the Amended Complaint.

131. Defendants deny the allegations in paragraph 131 of the Amended Complaint.

132. Defendants admit the allegations in paragraph 132 of the Amended Complaint.

133. Defendants deny the allegations in paragraph 133 of the Amended Complaint.

134. Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 134 of the Amended Complaint.

135. Defendants admit the allegations in paragraph 135 of the Amended Complaint.

136. Defendants admit the allegations in paragraph 136 of the Amended Complaint that the Employee Members authorized certain providers, including Dr. Hamner and the Practice, to submit claims on their behalf, and also admit that Plaintiffs' Exhibit D. speaks for itself.

137. Defendants admit the allegations in paragraph 137 of the Amended Complaint.

138. Defendants deny the allegations in paragraph 138 of the Amended Complaint.

139. Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 139 of the Amended Complaint.

140. Defendants admit that Oxford requested certain documents from Dr. Hamner, and deny knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 140 of the Amended Complaint.

141. Defendants admit only that Dr. Hamner terminated Richard, Erika, and Raina as Plan enrollees as of July 1, 2010, and deny the remaining allegations in paragraph 141 of the Amended Complaint.

142. Defendants deny the allegations in paragraph 142 of the Amended Complaint.

143. Defendants admit the allegations in paragraph 143 of the Amended Complaint.

144. Defendants admit the allegations in paragraph 144 of the Amended Complaint.

145. Defendants deny the allegations in paragraph 145 of the Amended Complaint.

146. Defendants admit that the Certificate cited in paragraph 146 of the Amended Complaint speaks for itself.

147. Defendants deny the allegations in paragraph 147 of the Amended Complaint.

148. Defendants admit the allegations in paragraph 148 of the Amended Complaint.

149. Defendants deny the allegations in paragraph 149 of the Amended Complaint.

2383904

150. Defendants admit only that Christopher enrolled in the Plan and that the Practice submitted claims to Oxford for treatment rendered to Christopher, and deny the remaining allegations in paragraph 150 of the Amended Complaint.

151. Defendants admit the allegations in paragraph 151 of the Amended Complaint.

152. Defendants admit only that Raina was enrolled in the Plan and that the Practice submitted claims to Oxford for treatment rendered to Raina, and deny the remaining allegations in paragraph 152 of the Amended Complaint.

153. Defendants deny the allegations in paragraph 153 of the Amended Complaint.

154. Defendants admit only that Dr. Hamner and Baymiller have promoted his "Caveman Workout," and deny the remaining allegations in paragraph 154 of the Amended Complaint.

155. Defendants deny the allegations in paragraph 155 of the Amended Complaint.

156. Defendants deny the allegations in paragraph 156 of the Amended Complaint.

157. Defendants deny the allegations in paragraph 157 of the Amended Complaint.

158. Defendants deny the allegations in paragraph 158 of the Amended Complaint.

159. Defendants deny the allegations in paragraph 159 of the Amended Complaint.

160. Defendants deny the allegations in paragraph 160 of the Amended Complaint.

161. Defendants deny the allegations in paragraph 161 of the Amended Complaint.

**FIRST PURPORTED CAUSE OF ACTION**

162. As and for an answer to paragraph 162 of the Amended Complaint, Defendants repeat every response and denial to paragraphs 1 through 161 as if fully set forth herein.

163. Defendants deny the allegations in paragraph 163 of the Amended Complaint.

164. Defendants deny the allegations in paragraph 164 of the Amended Complaint.

165. Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 165 of the Amended Complaint.

166. Defendants deny the allegations in paragraph 166 of the Amended Complaint.

2383904

167. Defendants deny the allegations in paragraph 167 of the Amended Complaint.

168. Defendants deny the allegations in paragraph 168 of the Amended Complaint.

169. Defendants deny the allegations in paragraph 169 of the Amended Complaint.

170. Defendants deny the allegations in paragraph 170 of the Amended Complaint.

171. Defendants deny the allegations in paragraph 171 of the Amended Complaint.

172. Defendants deny the allegations in paragraph 172 of the Amended Complaint.

173. Defendants deny the allegations in paragraph 173 of the Amended Complaint.

174. Defendants deny the allegations in paragraph 174 of the Amended Complaint.

## SECOND PURPORTED CAUSE OF ACTION

175. As and for an answer to paragraph 175 of the Amended Complaint, Defendants repeat every response and denial to paragraphs 1 through 174 as if fully set forth herein.

176. Defendants deny the allegations in paragraph 176 of the Amended Complaint.

177. Defendants deny the allegations in paragraph 177 of the Amended Complaint.

178. Defendants deny the allegations in paragraph 178 of the Amended Complaint.

179. Defendants deny the allegations in paragraph 179 of the Amended Complaint.

180. Defendants deny the allegations in paragraph 180 of the Amended Complaint.

181. Defendants deny the allegations in paragraph 181 of the Amended Complaint.

## THIRD PURPORTED CAUSE OF ACTION

182. As and for an answer to paragraph 182 of the Amended Complaint, Defendants repeat every response and denial to paragraphs 1 through 181 as if fully set forth herein.

183. Defendants deny the allegations in paragraph 183 of the Amended Complaint.

184. Defendants deny the allegations in paragraph 184 of the Amended Complaint.

185. Defendants deny the allegations in paragraph 185 of the Amended Complaint.

## FOURTH PURPORTED CAUSE OF ACTION

186. As and for an answer to paragraph 186 of the Amended Complaint, Defendants repeat every response and denial to paragraphs 1 through 185 as if fully set forth herein.

187. Defendants deny the allegations in paragraph 187 of the Amended Complaint.

188. Defendants deny the allegations in paragraph 188 of the Amended Complaint.

## FIFTH PURPORTED CAUSE OF ACTION

189. As and for an answer to paragraph 189 of the Amended Complaint, Defendants repeat every response and denial to paragraphs 1 through 188 as if fully set forth herein.

190. Defendants deny the allegations in paragraph 190 of the Amended Complaint.

191. Defendants admit the allegations in paragraph 191 of the Amended Complaint.

192. Defendants only that Dr. Hamner was the Plan administrator, deny the remaining allegations in paragraph 192 of the Amended Complaint, and refer all questions of law regarding a Plan administrator's duty to the Court for adjudication.

193. Defendants deny the allegations in paragraph 193 of the Amended Complaint.

194. Defendants deny the allegations in paragraph 194 of the Amended Complaint.

195. Defendants deny the allegations in paragraph 195 of the Amended Complaint.

196. Defendants deny the allegations in paragraph 196 of the Amended Complaint.

197. Defendants deny the allegations in paragraph 197 of the Amended Complaint.

## SIXTH PURPORTED CAUSE OF ACTION

198. As and for an answer to paragraph 198 of the Amended Complaint, Defendants repeat every response and denial to paragraphs 1 through 188 as if fully set forth herein.

199. Defendants deny the allegations in paragraph 199 of the Amended Complaint.

200. Defendants deny the allegations in paragraph 200 of the Amended Complaint.

201. Defendants deny the allegations in paragraph 201 of the Amended Complaint.

202. Defendants deny the allegations in paragraph 202 of the Amended Complaint.

203. Defendants deny the allegations in paragraph 203 of the Amended Complaint.

204. Defendants deny the allegations in paragraph 204 of the Amended Complaint.

205. Defendants deny the allegations in paragraph 205 of the Amended Complaint.

206. Defendants deny the allegations in paragraph 206 of the Amended Complaint.

207. Defendants admit that Plaintiff's Exhibit D speaks for itself, and deny the remaining allegations in paragraph 207 of the Amended Complaint.

208. Defendants deny the allegations in paragraph 208 of the Amended Complaint.

209. Defendants admit that 18 U.S.C. §1961(1)(B) speaks for itself, and deny the remaining allegations in paragraph 209 of the Amended Complaint.

210. Defendants deny the allegations in paragraph 210 of the Amended Complaint.

211. Defendants admit that 18 U.S.C. §1961(1)(B) speaks for itself, and deny the remaining allegations in paragraph 211 of the Amended Complaint.

212. Defendants deny the allegations in paragraph 212 of the Amended Complaint.

213. Defendants deny the allegations in paragraph 213 of the Amended Complaint.

214. Defendants deny the allegations in paragraph 214 of the Amended Complaint.

215. Defendants deny the allegations in paragraph 215 of the Amended Complaint.

## SEVENTH PURPORTED CAUSE OF ACTION

216. As and for an answer to paragraph 216 of the Amended Complaint, Defendants repeat every response and denial to paragraphs 1 through 215 as if fully set forth herein.

217. Defendants deny the allegations in paragraph 217 of the Amended Complaint.

218. Defendants deny the allegations in paragraph 218 of the Amended Complaint.

219. Defendants deny the allegations in paragraph 219 of the Amended Complaint.

220. Defendants deny the allegations in paragraph 220 of the Amended Complaint.

221. Defendants deny the allegations in paragraph 221 of the Amended Complaint.

222. Defendants deny the allegations in paragraph 222 of the Amended Complaint.

223. Defendants deny the allegations in paragraph 223 of the Amended Complaint.

224. Defendants deny the allegations in paragraph 224 of the Amended Complaint.

225. Defendants deny the allegations in paragraph 225 of the Amended Complaint.

226. Defendants deny the allegations in paragraph 226 of the Amended Complaint.

227. Defendants deny the allegations in paragraph 227 of the Amended Complaint.

2383904

228. Defendants deny the allegations in paragraph 228 of the Amended Complaint.

229. Defendants deny the allegations in paragraph 229 of the Amended Complaint.

230. Defendants deny the allegations in paragraph 230 of the Amended Complaint.

231. Defendants deny the allegations in paragraph 231 of the Amended Complaint.

232. Defendants deny the allegations in paragraph 232 of the Amended Complaint.

233. Defendants deny the allegations in paragraph 233 of the Amended Complaint.

## EIGHTH PURPORTED CAUSE OF ACTION

234. As and for an answer to paragraph 234 of the Amended Complaint, Defendants repeat every response and denial to paragraphs 1 through 233 as if fully set forth herein.

235. Defendants deny the allegations in paragraph 235 of the Amended Complaint.

236. Defendants deny the allegations in paragraph 236 of the Amended Complaint.

237. Defendants deny the allegations in paragraph 237 of the Amended Complaint.

238. Defendants deny the allegations in paragraph 238 of the Amended Complaint.

239. Defendants deny the allegations in paragraph 239 of the Amended Complaint.

240. Defendants deny the allegations in paragraph 240 of the Amended Complaint.

241. Defendants deny the allegations in paragraph 241 of the Amended Complaint.

242. Defendants deny the allegations in paragraph 242 of the Amended Complaint.

243. Defendants deny the allegations in paragraph 243 of the Amended Complaint.

244. Defendants deny the allegations in paragraph 244 of the Amended Complaint.

## NINTH PURPORTED CAUSE OF ACTION

245. As and for an answer to paragraph 245 of the Amended Complaint, Defendants repeat every response and denial to paragraphs 1 through 244 as if fully set forth herein.

246. Defendants deny the allegations in paragraph 246 of the Amended Complaint.

247. Defendants deny the allegations in paragraph 247 of the Amended Complaint.

248. Defendants deny the allegations in paragraph 248 of the Amended Complaint.

249. Defendants deny the allegations in paragraph 249 of the Amended Complaint.

250. Defendants deny the allegations in paragraph 250 of the Amended Complaint.

251. Defendants deny the allegations in paragraph 251 of the Amended Complaint.

252. Defendants deny the allegations in paragraph 252 of the Amended Complaint.

253. Defendants deny the allegations in paragraph 253 of the Amended Complaint.

254. Defendants deny the allegations in paragraph 254 of the Amended Complaint.

255. Defendants deny the allegations in paragraph 255 of the Amended Complaint.

## TENTH PURPORTED CAUSE OF ACTION

256. As and for an answer to paragraph 256 of the Amended Complaint, Defendants repeat every response and denial to paragraphs 1 through 255 as if fully set forth herein.

257. Defendants deny the allegations in paragraph 257 of the Amended Complaint.

258. Defendants deny the allegations in paragraph 258 of the Amended Complaint.

259. Defendants deny the allegations in paragraph 259 of the Amended Complaint.

260. Defendants deny the allegations in paragraph 260 of the Amended Complaint.

261. Defendants deny the allegations in paragraph 261 of the Amended Complaint.

262. Defendants deny the allegations in paragraph 262 of the Amended Complaint.

263. Defendants deny the allegations in paragraph 263 of the Amended Complaint.

264. Defendants deny the allegations in paragraph 264 of the Amended Complaint.

265. Defendants deny the allegations in paragraph 265 of the Amended Complaint.

266. Defendants deny the allegations in paragraph 266 of the Amended Complaint.

## ELEVENTH PURPORTED CAUSE OF ACTION

267. As and for an answer to paragraph 267 of the Amended Complaint, Defendants repeat every response and denial to paragraphs 1 through 266 as if fully set forth herein.

268. Defendants deny the allegations in paragraph 268 of the Amended Complaint.

269. Defendants deny the allegations in paragraph 269 of the Amended Complaint.

270. Defendants deny the allegations in paragraph 270 of the Amended Complaint.

271. Defendants deny the allegations in paragraph 271 of the Amended Complaint.

272. Defendants deny the allegations in paragraph 272 of the Amended Complaint.

273. Defendants deny the allegations in paragraph 273 of the Amended Complaint.

274. Defendants deny the allegations in paragraph 274 of the Amended Complaint.

275. Defendants deny the allegations in paragraph 275 of the Amended Complaint.

276. Defendants deny the allegations in paragraph 276 of the Amended Complaint.

277. Defendants deny the allegations in paragraph 277 of the Amended Complaint.

278. Defendants deny the allegations in paragraph 278 of the Amended Complaint.

279. Defendants deny the allegations in paragraph 279 of the Amended Complaint.

280. Defendants deny the allegations in paragraph 280 of the Amended Complaint.

## TWELFTH PURPORTED CAUSE OF ACTION

281. As and for an answer to paragraph 281 of the Amended Complaint, Defendants repeat every response and denial to paragraphs 1 through 280 as if fully set forth herein.

282. Defendants deny the allegations in paragraph 282 of the Amended Complaint.

283. Defendants admit only that they had family relationships and friendships, and deny the remaining allegations in paragraph 283 of the Amended Complaint.

284. Defendants deny the allegations in paragraph 284 of the Amended Complaint.

285. Defendants deny the allegations in paragraph 285 of the Amended Complaint.

286. Defendants deny the allegations in paragraph 286 of the Amended Complaint.

287. Defendants deny the allegations in paragraph 287 of the Amended Complaint.

288. Defendants deny the allegations in paragraph 288 of the Amended Complaint.

289. Defendants deny the allegations in paragraph 289 of the Amended Complaint.

290. Defendants deny the allegations in paragraph 290 of the Amended Complaint.

291. Defendants deny the allegations in paragraph 291 of the Amended Complaint.

292. Defendants deny the allegations in paragraph 292 of the Amended Complaint.

293. Defendants deny the allegations in paragraph 293 of the Amended Complaint.

294. Defendants deny the allegations in paragraph 294 of the Amended Complaint.

2383904

295. Defendants deny the allegations in paragraph 295 of the Amended Complaint.

296. Defendants deny the allegations in paragraph 296 of the Amended Complaint.

297. Defendants deny the allegations in paragraph 297 of the Amended Complaint.

298. Defendants deny the allegations in paragraph 298 of the Amended Complaint.

299. Defendants deny the allegations in paragraph 299 of the Amended Complaint.

300. Defendants deny the allegations in paragraph 300 of the Amended Complaint.

## **AFFIRMATIVE DEFENSES**

1. Plaintiffs fails to state a cause of action upon which relief may be granted.

2. If Plaintiffs sustained the damages alleged, which damages Defendants expressly denies, all such damages have been caused and brought about in whole or in material part by the affirmative wrongdoing, negligence, want of care, or other culpable conduct and/or comparative negligence of Plaintiffs and/or persons other than Defendants, without similar acts of Defendants contributing thereto, and as a consequence thereof, Plaintiffs' damages should be reduced by the proportion of the Plaintiffs' culpable conduct which caused the alleged damages.

3. Any damages sustained by Plaintiffs were the result of acts or omissions by third-persons or entities over which Defendants exercised no control.

4. Plaintiffs failed to mitigate any damages they may have sustained as a result of the matters alleged in the Amended Complaint.

5. Pursuant to the provisions of section 15-108 of the General Obligations Law, Defendants are entitled to a reduction of any adverse judgment by either the total settlement amount paid by any other tortfeasors or in the amount of the released tortfeasors' equitable share of the damages under article fourteen of the Civil Practice Law and Rules, whichever is the greatest.

2383904

6. Plaintiffs are barred from bringing this action by their inequitable conduct, including the disclosure of the medical information of persons treated by Dr. Hamner in violation of New York's Public Health Law § 18(6).

7. Some or all of Plaintiffs' claims are barred by the applicable statutes of limitations.

8. Some or all of Plaintiffs' claims are barred by the applicable statute of frauds.

9. Some or all of Plaintiffs' claims are barred by the doctrines of waiver and/or ratification.

Dated: New York, New York
October 31, 2013

KAUFMAN BORGEEST & RYAN LLP

_____
Jonathan B. Bruno
Stephanie B. Gitnik
Alex N. Niederman
*Attorneys for Defendants*
*Daniel Hamner, M.D., Daniel Hamner Physician, P.C., Daniel Hamner, M.D., P.C., Richard Hamner, Erika Macbride, Raina Hamner, and Rae Baymiller*
120 Broadway, 14th Floor
New York, New York 10271
(212) 980-9600
KBR File No.: 862.216