UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
OXFORD HEALTH INSURANCE, INC., OXFORD
HEALTH PLANS (NY), INC., UNITED HEALTHCARE
INSURANCE COMPANY OF NEW YORK, INC.
and UNITED HEALTHCARE SERVICES, INC.,

                                  Plaintiffs,

        -against-

DANIEL HAMNER, M.D., DANIEL HAMNER
PHYSICIAN, P.C., DANIEL HAMNER, M.D., P.C.,
ALLAN CHRISTOPHER AS EXECUTOR FOR THE
ESTATE OF ANNE M. CHRISTOPHER, RICHARD
HAMNER, ERIKA MACBRIDE, RAINA HAMNER
and RAE BAYMILLER,

                            Defendants.
------------------------------------------------------------------------X

Civil. Action No.
13-CV-375 (AKH)(KNF)


**DOCUMENT
ELECTRONICALLY
FILED_____**

---

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS COUNTERCLAIM BY DEFENDANT ALLAN CHRISTOPHER AS EXECUTOR FOR THE ESTATE OF ANNE M. CHRISTOPHER

---


SEDGWICK LLP
*Attorneys for Plaintiffs*
225 Liberty Street, 28th Floor
New York, New York 10281
Telephone: (212) 422-0202


Michael H. Bernstein
John T. Seybert
Julie Y. Kim
    *Of Counsel*

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ...........................................................................................1

PROCEDURAL HISTORY ...............................................................................................2

STATEMENT OF ALLEGATIONS IN THE EXECUTOR'S ANSWER AND
COUNTERCLAIM ............................................................................................................3

STANDARD OF REVIEW ...............................................................................................4

ARGUMENT......................................................................................................................5

    POINT I:

    THE EXECUTOR FAILS TO IDENTIFY ANY IMPROPER DISCLOSURE
    OF CHRISTOPHER'S PROTECTED HEALTH INFORMATION ...........................5

    POINT II:

    N.Y. PUBLIC HEALTH LAW §18(6) DOES NOT PROVIDE FOR THE
    RELIEF THE EXECUTOR SEEKS AGAINST PLAINTIFFS ......................................9

        A.    THERE IS NO PRIVATE RIGHT OF ACTION UNDER
               N.Y. PUBLIC HEALTH LAW ...........................................................9

        B.    THE RELIEF SOUGHT BY THE EXECUTOR IS NOT
               AVAILABLE UNDER NEW YORK PUBLIC HEALTH LAW ............................10

    POINT III:

    THE EXECUTOR LACKS STANDING TO BRING CLAIMS ON BEHALF
    OF CHRISTOPHER OR ANY OTHER DEFENDANT ............................................11

CONCLUSION.................................................................................................................12

CERTIFICATE OF SERVICE ........................................................................................13

DOCS/18091542v1

## TABLE OF AUTHORITIES

Page(s)

### Cases

*Ashcroft* v. *Iqbal,*
556 U.S. 662 (2009) .................................................................................................................... 5, 6

*Bell Atlantic Corp.* v. *Twombly,*
550 U.S. 554 (2007) ......................................................................................................................6

*Byng* v. *Campbell,*
No. 907-cv-471 (GLS/DRH), 2010 WL 681374  (N.D.N.Y. Feb. 24, 2010) ...................................10

*Cf. People* v. *Ekinici,*
191 Misc. 2d 510, 743 N.Y.S.2d 651 (N.Y. Sup. Ct. Kings County 2002) ......................................11

*Cf. Vinson* v. *N.Y. City Dep't of Corrections,*
No. Civ.A. CV 016900DGT, 2006 WL 2713987  (E.D.N.Y. Jan. 17, 2006) ...................................10

*George* v. *Mt. Sinai Hospital,*
47 N.Y.2d 170, 417 N.Y.S.2d 231, 390 N.E.2d 1156 (1979) .......................................................11

*Hertz Corp.* v. *City of New York,*
1 F.3d 121 (2d Cir. 1994) ..............................................................................................................5

*In re NYSE Specialists Secs. Litig.,*
503 F.3d 89 (2d Cir. 2007) ............................................................................................................4

*Kiobel* v. *Royal Dutch Petroleum Co.,*
621 F.3d 111 (2d Cir. 2010) ..........................................................................................................4

*Mantica* v. *N.Y. State Dep't of Health,*
248 A.D.2d 30, 679 N.Y.S.2d 469 (3d Dep't 1998) ......................................................................11

*Netrix Leasing LLC* v. *K.S. Telecom, Inc.,*
No. 00-CIV-3375 (KMW), 2001 WL 228362 (S.D.N.Y. Mar. 7, 2001) ........................................4

*Reed Const. Data Inc.* v. *McGraw-Hill Companies, Inc.,*
745 F. Supp. 2d 343 (S.D.N.Y. 2010) ...........................................................................................5

*Revonate Mfg.* v. *Acer America Corp.,*
No. 12 Civ. 6017 (KBF), 2013 WL 342922 (S.D.N.Y. Jan. 18, 2013) ...........................................4

DOCS/18091542v1

*Schoeps* v. *Museum of Modern Art*,
  594 F. Supp. 2d 461 (S.D.N.Y. 2009)..............................................................................11

*Sheehy* v. *Big Flats Community Day*,
  73 N.Y.2d 629, 543 N.Y.S.2d 18 (N.Y. 1989)......................................................................9

*Uhr* v. *East Greenbush Cent. Sch. Dist.*,
  94 N.Y.2d 32, 698 N.Y.S.2d 609 (N.Y. 1999)......................................................................9

*Village Pond, Inc.* v. *Town of Darien*,
  56 F.3d 375 (2d Cir. 1995) .............................................................................................5

*Zinermon* v. *Burch*,
  494 U.S. 113, 110 S.Ct 975 (1990) ................................................................................4

**Statutes**

Racketeer Influenced Corrupt Organizations ("RICO") Act, 18 U.S.C. §1962 ......................................1

Rule 12(b)(6), FED. R. CIV. P.,..............................................................................2, 4, 6

New York Insurance Law §409 ..........................................................................................8

N.Y. PUB. HEALTH L. §18(6)..............................................................................1, 4, 5, 6, 9, 10, 11

New York Public Health Law §12........................................................................................9, 10

## PRELIMINARY STATEMENT

Plaintiffs Oxford Health Insurance, Inc. ("OHI"), Oxford Health Plans (NY), Inc., ("OHPNY") (OHI and OHPNY are collectively referred to herein as "Oxford"), United Healthcare Insurance Company of New York, Inc. ("UHIC") and United HealthCare Services, Inc. ("UHS") (UHIC, UHS and the Oxford entities are also collectively referred to herein as "Plaintiffs"), respectfully submit this Memorandum of Law in support of their motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for an order dismissing the counterclaim asserted by Defendant Allan Christopher as Executor for the Estate of Anne M. Christopher's (the "Executor") against Plaintiffs.

In his counterclaim, the Executor alleges that Plaintiffs violated N.Y. PUB. HEALTH L. §18(6) by purportedly disclosing confidential medical information regarding Anne M. Christopher ("Christopher"). The Executor further alleges that without such information, Plaintiffs would not have been able to commence this action. The Executor seeks an order enjoining Plaintiffs from using confidential medical information in the prosecution of this action and seeks an award of damages in the amount of "any recovery by Plaintiffs," in addition to the Executor's attorney's fees incurred in defending the action.  Essentially, the Executor alleges that Plaintiffs cannot pursue their claims against Christopher for fraud and violation of the Racketeer Influenced Corrupt Organizations ("RICO") Act, 18 U.S.C. §1962 because these claims are based, at least in part, on documentation that cannot be publicly disclosed.

The counterclaim should be dismissed for several reasons:  First, the Executor's motion fails to identify the confidential medical information that Plaintiffs allegedly improperly disclosed. Second, Section 18(6), N.Y. PUB. HEALTH LAW, does not provide a private right of action for alleged violations of N.Y. Public Health Law §18(6). Third, the relief the Executor seeks is not permitted under the New York Public Health Law. Fourth, the Executor lacks standing to assert a claim for

Plaintiffs' purported improper disclosure of confidential medical information because he is not the individual with a right to assert such a privilege. Accordingly, the Executor's counterclaim against Plaintiffs must be dismissed pursuant to Rule 12(b)(6), FED. R. CIV. P., for failure to state a claim.

## PROCEDURAL HISTORY

Plaintiffs filed their Complaint on January 16, 2013. (Doc. No. 1). The Complaint alleged that Defendants were liable for civil damages under RICO.  As part of their civil RICO cause of action, Plaintiffs alleged that Defendants' submission of claim forms seeking benefits for reimbursement for medical services rendered under Oxford's health plans were predicate acts in furtherance of the RICO conspiracy and violations.  (Doc. No. 1, ¶¶119-120; 139-141).  Defendants filed motions to dismiss Plaintiffs' Complaint.  (Doc. Nos. 14-17; 22-25). All Defendants argued that the predicate acts were not sufficiently identified.   (Doc. No. 16, pp. 5-6; Doc. No. 25, p. 11). Plaintiffs argued in opposition that the allegations in the Complaint sufficiently alleged the predicate acts and that it did not have to specifically identify each improper claim in the Complaint.  (Doc. No. 29, p. 17).

On July 30, 2013, the Court heard oral argument on the motions, and advised Plaintiffs that they should identify each of the improper claims forming the basis for their causes of action in an amended complaint. (Transcript of Hearing on July 30, 2013, T. 23:13-24:14, Doc. No. 37). On August 9, 2013, in accordance with the Court's directive, Plaintiffs filed an Amended Complaint (Doc. No. 36), which annexed as Exhibit "D" a spreadsheet of claims submitted by the Defendants. (Doc. No. 36-4). Specifically, in order to respond to Defendants' arguments and the Court's suggestion, Plaintiffs included a spreadsheet of claims identifying each of Defendant's claims, the date of service for each claim, the date the claim was paid, the amount paid, the provider of the

DOCS/18091542v1

services, and the state in which the services were rendered.  (*Id.*). In order to avoid disclosure of protected health information, Plaintiffs redacted the description of the service.  (*Id.*).[1]

None of the Defendants have identified any protected health information that was purportedly disclosed.  Defendants have not sought to seal or request that Plaintiffs redact any additional information.  Instead, the Executor filed an Answer to Plaintiffs' Amended Complaint on October 31, 2013, asserting a counterclaim against Plaintiffs and various cross-claims against the other defendants. (Doc. No. 69).  Notably, however, the Executor disclosed a significant amount of personal information about Christopher in his own Answer.  (Doc. No. 69, ¶¶13-18).  Specifically, the Executor's allegations disclose Christopher's protected information regarding her mental condition and medical treatment provided by Defendant Daniel Hamner, M.D.  (*Id.*).  By contrast, Plaintiffs did not place such information in the public record.

## STATEMENT OF ALLEGATIONS IN THE
## EXECUTOR'S ANSWER AND COUNTERCLAIM

Christopher was married to Defendant Daniel Hamner ("Hamner") from January 17, 1982 until the early 1990's, when they divorced. (Executor's Answer, ¶11). Christopher moved to Connecticut shortly thereafter.  The Executor is Christopher's brother, and he served as the executor of her estate following her death on or about November 11, 2011.  (*Id.* at ¶8).

The Executor alleges that before her death, Christopher was plagued by certain medical problems, for which she was treated by Hamner from the time that they were married through July 27, 2011. (*Id.* at ¶¶13-18).

On or about October 31, 2001, Hamner and Christopher entered into a settlement agreement to resolve issues relating to their divorce. (*Id.* at ¶19). Hamner was required to pay $8,000

---

[1] The "description of services" for each claim was redacted and none of these descriptions have been disclosed to the Defendants because a Protective Order has not yet been entered in this case. A proposed Protective Order has been circulated to counsel.

towards Christopher's health insurance coverage costs until November 1, 2008. (*Id.* at ¶20). However, Hamner instead allegedly forged Christopher's signature on enrollment forms to enroll her in group coverage available to Hamner's employees, and then transmitted these signed forms to Plaintiffs using wires and mail. (*Id.* at ¶21-22). Christopher allegedly knew nothing about these fraudulent activities. (*Id.* at ¶23-24).

The Executor alleges that "[i]n bringing this lawsuit, Plaintiff revealed the confidential medical information of [Christopher] and of each of the Hamner Defendants in violation of New York Public Health Law § 18(6)." (*Id.* at ¶40). He further alleges that "[w]ithout that information, Plaintiffs would not have been able to bring this action." (*Id.* at ¶41).

The Executor's counterclaim seeks: (1) an order enjoining the use of Christopher's confidential medical information by Plaintiffs in their prosecution of this action; and (2) damages in the amount of any recovery Plaintiffs obtain, plus the Executor's attorneys' fees incurred in defending this action. (*Id.* at ¶42).

## STANDARD OF REVIEW

A motion to dismiss a counterclaim is evaluated under the same standard as a motion to dismiss a complaint. *Revonate Mfg.* v. *Acer America Corp.*, No. 12 Civ. 6017 (KBF), 2013 WL 342922 *2 (S.D.N.Y. Jan. 18, 2013) (citing *Netrix Leasing LLC* v. *K.S. Telecom, Inc.*, No. 00-CIV-3375 (KMW), 2001 WL 228362 (S.D.N.Y. Mar. 7, 2001)). When considering a motion to dismiss under Rule 12(b)(6), FED. R. CIV. P., the court must accept as true all allegations contained in a complaint and draw all reasonable inferences in favor of the plaintiff. *Zinermon* v. *Burch*, 494 U.S. 113, 118, 110 S.Ct 975, 979 (1990); *In re NYSE Specialists Secs. Litig.*, 503 F.3d 89, 91 (2d Cir. 2007). All well-pleaded, non-conclusory factual allegations are assumed to be true. *Kiobel* v. *Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010). A claim will survive a motion to dismiss if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has

4

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009) (citations and internal quotation marks omitted).  This is not a "probability requirement" but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plaintiff is therefore required to plead factual allegations that are "enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ."  (citations omitted).  In other words, the issue "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Reed Const. Data Inc.* v. *McGraw-Hill Companies, Inc.*, 745 F. Supp. 2d 343, 349 (S.D.N.Y. 2010) (quoting *Village Pond, Inc.* v. *Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995)).  When considering a motion to dismiss, the court may only consider "the facts stated on the face of the complaint and in documents appended to the Complaint or incorporated in the complaint by reference as well as [ ] matters of which judicial notice may be taken." *Hertz Corp.* v. *City of New York*, 1 F.3d 121, 125 (2d Cir. 1994) (citation omitted).

## ARGUMENT

## POINT I

### THE EXECUTOR FAILS TO IDENTIFY ANY IMPROPER DISCLOSURE OF CHRISTOPHER'S PROTECTED HEALTH INFORMATION

In paragraphs 8-42 of his Answer, the Executor sets forth the factual allegations upon which his counterclaim and cross-claims are based. Although he conclusorily alleges that Plaintiffs improperly disclosed Christopher's confidential medical information in violation of N.Y. Public Health Law §18(6), the Executor does not identify any of Christopher's protected health information ("PHI") that Plaintiffs allegedly disclosed.  As opposed to the Estate's baseless general allegation, a review of the Amended Complaint shows that Plaintiffs simply pleaded facts necessary

5

to establish their claims and redacted the descriptions of the services rendered in order to protect her right to confidentiality with respect to these services. (Amended Complaint, Ex. D). Thus, Plaintiffs undertook appropriate measures to avoid disclosure of any protected health information. As such, the Executor's counterclaim fails to state a claim for relief and must be dismissed on this ground alone, pursuant to Rule 12(b)(6), FED. R. CIV. P.

In order to adequately state a claim for relief, the Executor is required to give Plaintiffs "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 554, 555 (2007) (internal quotation marks and citation omitted). The Executor must plead facts that, if accepted as true, would state a claim for relief that would allow the court to draw the reasonable inference that Plaintiffs are liable for the misconduct alleged. *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009). This requires "more than labels and conclusions" since a court is not required to "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (internal quotation marks and citations omitted); *Iqbal*, 556 U.S. at 678 ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").

Here, the Executor has completely failed to carry his pleading burden with respect to his counterclaim against Plaintiffs. The Executor's counterclaim does not identify any specific portion of the Amended Complaint that purportedly discloses Christopher's confidential medical information. Instead, the Executor merely offers his baseless conclusion that Plaintiffs have violated N.Y. Public Health Law §18(6) without offering any facts in support of this contention. Consequently, the counterclaim does not provide Plaintiffs with the requisite notice of the grounds upon which the counterclaim rests and it is therefore insufficient to state a claim for which he is entitled to relief. As such, the counterclaim must be dismissed.

It is also important to note that N.Y. Public Health Law §18(6) provides as follows:

6

Disclosure to third persons. Whenever a health care provider, as otherwise authorized by law, discloses patient information to a person or entity other than the subject of such information or to other qualified persons, either a copy of the subject's written authorization shall be indicated in the file or record of such subject patient's information maintained by the provider provided, however, that for disclosures made to government agencies making payments on behalf of patients to insurance companies licensed pursuant to the insurance law such a notation shall only be entered at the time the disclosure is first made. This subdivision shall not apply to disclosure to practitioners or other personnel employed by or under contract with the facility, or to government agencies for purposes of facility inspections or professional conduct investigations. Any disclosure made pursuant to this section shall be limited to that information necessary in light of the reason for disclosure. Information so disclosed should be kept confidential by the party receiving such information and the limitations on such disclosure in this section shall apply to such party.

In their Amended Complaint, Plaintiffs describe the enrollment forms signed by Christopher (Amended Complaint, ¶¶102-107), Christopher's enrollment in the Plan (*id.* at ¶¶148-150, 218-220), and claims submitted by Hamner for services allegedly rendered to Christopher, providing only the amount billed to and paid by Plaintiffs without any description of claims submitted for services purportedly rendered to Christopher (*id.* at ¶¶151, 221). Plaintiffs allege that Christopher authorized Hamner to submit claims to Oxford for reimbursement for trigger point injections, osteopathic manipulations, electrical stimulation and ultrasound therapy (*id.* at ¶¶221-222, 226), but these allegations are made in support of Plaintiffs' contention that the claims submitted were fraudulent and that these services could not have been rendered because records demonstrate that Christopher was hospitalized at the time Hamner purportedly rendered these services (*Id.*). These allegations do not reveal any information regarding medical treatments or services provided to Christopher. In Exhibit D to the Amended Complaint, Plaintiffs included additional details regarding the claims at issue, but redacted all confidential medical information regarding services rendered in connection with these claims, thereby appropriately protecting confidential medical information for those participants whose claims form the basis for Plaintiff's lawsuit.

7

DOCS/18091542v1

New York Insurance Law §409 requires Plaintiffs to take active steps to detect, investigate, and prevent fraudulent insurance activities. The Executor acknowledges that, without its discussion of the purportedly confidential medical information regarding Christopher and the other Defendants' treatment, "[p]laintiffs would not have been able to bring this action." (Executor's Answer, ¶¶40-41). A review of the Amended Complaint shows that Plaintiffs disclosed only those facts necessary to allege fraud, in accordance with its statutory obligations, but did not reveal confidential medical information as the Executor erroneously claims.  Indeed, it is ironic that the Executor has filed this counterclaim based on nothing more than generalizations when he has notably disclosed such confidential information by detailing Christopher's medical and mental conditions, as well as the treatments she received for these conditions.  (Executor's Answer, ¶¶13-18).  Plaintiffs did not do that.

The Executor's counterclaim fails to state a claim because Plaintiffs' Amended Complaint annexed a list of claims at issue but redacted any descriptions of services rendered.  Thus, Plaintiffs did not disclose any confidential medical information regarding Christopher or any other defendant. The Amended Complaint included the detailed list of claims at issue in order to address Defendants' arguments on their original motions to dismiss and to comply with the directive of the Court. Nevertheless, Plaintiffs disclosed the claim spreadsheet with appropriate redactions to protect against the disclosure of personal health information.[2]  The Executor's counterclaim has not alleged any basis to bar Plaintiffs from using this information in furtherance of their claims against the Executor and the other Defendants.

---

[2] Plaintiffs redacted the description of the services and have not provided an unredacted version to counsel until a protective order is in place.  Plaintiffs also note that Rule 4 of the Court's Individual Rules of Practice includes a presumption against the filing of documents under seal.  Moreover, filing under seal would not have prevented disclosure of the purportedly confidential medical information to the other defendants.

8

For these reasons, the Executor has failed to allege facts sufficient to demonstrate a violation of N.Y. Public Health Law §18(6) and, accordingly, his counterclaim should be dismissed as a matter of law.

## POINT II

## N.Y. PUBLIC HEALTH LAW §18(6) DOES NOT PROVIDE FOR THE RELIEF THE EXECUTOR SEEKS AGAINST PLAINTIFFS

**A.     THERE IS NO PRIVATE RIGHT OF ACTION UNDER N.Y. PUBLIC HEALTH LAW**

It is well-settled that a statute may provide for a private right of action expressly or by implication. *See Uhr* v. *East Greenbush Cent. Sch. Dist.*, 94 N.Y.2d 32, 38, 698 N.Y.S.2d 609, 612 (N.Y. 1999).  In this case, Public Health Law §18 does not provide an express private right of action. Public Health Law §18 also does not provide an implied right of action for parties to seek monetary damages.  In *Sheehy* v. *Big Flats Community Day*, 73 N.Y.2d 629, 633-34, 543 N.Y.S.2d 18, 20 (N.Y. 1989), the plaintiff sought to enforce a private right of action under the Penal Code for the defendant's alleged negligence in serving an underage minor alcoholic beverages.  The New York Court of Appeals identified three essential factors that must be proven before a private right of action may be implied: (i) "whether the plaintiff is one of the class for whose particular benefit the statute was enacted"; (ii) "whether recognition of a private right of action would promote the legislative purpose"; and (iii) "whether creation of such right would be consistent with the legislative scheme."  The Court of Appeals held that the plaintiff could not enforce a private right of action under the Penal Code because the third criteria could not be met.  *Id.* at 22, 543 N.Y.S.2d at 636.

Here, the *Sheehy* factors do not weigh in favor of finding an implied private right of action because recognizing such a right would be inconsistent with the legislative scheme. New York Public Health Law §12 provides that "any person who violates, disobeys or disregards any term or provision of this chapter or of any lawful notice, order or regulation pursuant to which thereto for

9

which a civil penalty is not otherwise expressly prescribed by law, shall be liable to the people of the state for a civil penalty of not to exceed two thousand dollars for every such violation." N.Y. PUB. HEALTH L. §12(1)(a). The statute further provides that this penalty "may be recovered in an action by the commissioner in any court of competent jurisdiction." *Id.* at §12(2). Pursuant to §12(5), the New York Attorney General, upon the request of the Commissioner, is vested with power to bring an action for an injunction for alleged violations of §12. *Cf. Vinson* v. *N.Y. City Dep't of Corrections*, No. Civ.A. CV 016900DGT, 2006 WL 2713987 *8 (E.D.N.Y. Jan. 17, 2006) (dismissing plaintiff's claim under Article 13-E of N.Y. Public Health Law holding that no private right of action exists to enforce provision). *See also Byng* v. *Campbell*, No. 907-cv-471 (GLS/DRH), 2010 WL 681374 *18 (N.D.N.Y. Feb. 24, 2010) (dismissing claim made under N.Y. Public Health Law, holding that no private right of action exists, noting that "the Public Health Law specifies that the New York Attorney General is vested with the power to bring an action for violations of §12."). Under these circumstances, it is clear that the Legislature did not intend to even imply that a private right of action is available under this statute.

**B.    THE RELIEF SOUGHT BY THE EXECUTOR IS NOT AVAILABLE UNDER NEW YORK PUBLIC HEALTH LAW**

New York Public Health Law §18(6) does not authorize a private right of action to enforce a patient's rights under that provision. Additionally, Section 12 identifies the remedies that are available for violations of the New York Public Health Law. Specifically, a violator may liable to the *state* in the amount of civil penalties prescribed by the statute. N.Y. PUB. HEALTH L. §12(1). The civil penalties are not to exceed ten thousand dollars per violation, and such penalties only apply where the violation "directly results in serious physical harm to any patient or patients." *Id.* at §12(1)(c). Any injunctive relief sought for violations may be sought by the Attorney General at the request of the Commissioner. *Id.* at §12(5). There are no additional remedies specifically provided by Section

18(6) and, as such, the Executor cannot assert any claim for relief against Plaintiffs that is not provided for in this statute. *Cf. Matter of Thomson*, 79 A.D.2d 880, 434 N.Y.S.2d 538 (4th Dep't 1980) (holding that violation of N.Y. Public Health Law may subject person to civil penalty loss of custody of one's children is not recognized as penalty for violation of law).

**POINT III**

**THE EXECUTOR LACKS STANDING TO BRING CLAIMS
ON BEHALF OF CHRISTOPHER OR ANY OTHER DEFENDANT**

New York Public Health Law §18 protects the confidentiality of patient records, and this "privilege of confidentiality belongs exclusively to a patient and not to any third party." *Mantica* v. *N.Y. State Dep't of Health*, 248 A.D.2d 30, 32, 679 N.Y.S.2d 469, 470 (3d Dep't 1998) (citation omitted). Here, the Executor alleges that Plaintiffs improperly disclosed confidential medical information regarding Christopher and the other Hamner Defendants. (Executor's Answer, ¶40). But the Executor lacks standing to bring an action pursuant to this provision because the privilege belongs only to the patient, and cannot be asserted by a third party.

An executor may sue in his representative capacity for any cause of action that accrues before the death of the testator. *Schoeps* v. *Museum of Modern Art*, 594 F. Supp. 2d 461, 466 (S.D.N.Y. 2009) (noting that "[i]t is true that under New York law, a cause of action possessed by the decedent at the time of his or her death may be brought subsequently by a representative of the decedent . . . .") (*citing George* v. *Mt. Sinai Hospital*, 47 N.Y.2d 170, 177, 417 N.Y.S.2d 231, 390 N.E.2d 1156 (1979)). Here, the Executor's counterclaim did not accrue until *after* Christopher's death and, as such, is brought in the Executor's individual capacity. As discussed above, only the patient whose confidential medical information is at issue has the right to assert privilege claims concerning confidential medical records. *Cf. People* v. *Ekinici*, 191 Misc. 2d 510, 515, 743 N.Y.S.2d 651, 656 (N.Y. Sup. Ct. Kings County 2002) (holding that estate lacked standing to request remission of fines

11

imposed on decedent, noting that "rights are personal to the holder and cannot be vicariously asserted") (citations omitted).  Because the alleged improper disclosure did not occur until after Christopher's death, the Executor has no standing to assert her privilege claim and, consequently, the counterclaim must be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court dismiss the Executor's counterclaim against Plaintiffs in its entirety.

Dated:    New York, New York
              November 19, 2013

                                              Respectfully submitted,
                                              SEDGWICK LLP

                                              ___s/Michael H. Bernstein_____
                                              Michael H. Bernstein (MB 0579)
                                              John T. Seybert (JS 5014)
                                              *Attorneys for Plaintiffs*
                                              OXFORD HEALTH INSURANCE, INC., OXFORD
                                              HEALTH PLANS (NY), INC., UNITEDHEALTHCARE
                                              INSURANCE COMPANY OF NEW YORK, INC. AND
                                              UNITED HEALTHCARE SERVICES, INC.
                                              225 Liberty Street, 28th Floor
                                              New York, New York 10281
                                              Telephone: (212) 422-0202
                                              Facsimile: (212) 422-0925
                                              Email: michael.bernstein@sedgwicklaw.com
                                              Email: john.seybert@sedgwicklaw.com

12

## CERTIFICATE OF SERVICE

I, Michael H. Bernstein, hereby certify and affirm that a true and correct copy of the attached **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIM BY DEFENDANT ALLAN CHRISTOPHER AS EXECUTOR FOR THE ESTATE OF ANNE M. CHRISTOPHER** was served via ECF on the 21st day of November 2013 upon the following:

Richard Pu, Esq.
RICHARD PU, P.C.
120 East 90th Street, Suite 10C
New York, New York 10128
(212) 427-3665
*Attorneys for Defendant*
*Allan Christopher, as Executor for The Estate of Anne M. Christopher*

Jonathan B. Bruno, Esq.
KAUFMAN BORGEEST & RYAN LLP
120 Broadway, 14th Floor
New York, New York 10271
(212) 980-9600
*Attorneys for Defendants*
*Daniel Hamner, M.D., Daniel Hamner Physician, P.C.,*
*Daniel Hamner M.D., P.C., Richard Hamner, Erika*
*Macbride, Raina Hamner and Rae Baymiller*

Dated:  New York, New York
        November 19, 2013

                          s/Michael H. Bernstein
                          MICHAEL H. BERNSTEIN  (MB 0579)

13