UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

OXFORD HEALTH INSURANCE, INC.,
OXFORD HEALTH PLANS (NY), INC.,
UNITED HEALTHCARE INSURANCE
COMPANY OF NEW YORK, INC. and
UNITED HEALTHCARE SERVICES, INC.

Civil Action No.
13-CV-375 (AKH) (KNF)

Plaintiffs,

**ANSWER TO CROSSCLAIMS**

- against -

DANIEL HAMNER, M.D., DANIEL HAMNER
PHYSICIAN, P.C., DANIEL HAMNER, M.D., P.C.,
ALLAN CHRISTOPHER AS EXECUTOR FOR THE
ESTATE OF ANNE M. CHRISTOPHER, RICHARD
HAMNER, ERIKA MACBRIDE, RAINA HAMNER and
RAE BAYMILLER,

Defendants.
-----------------------------------------------------------------x

Defendants Daniel Hamner, M.D. ("Dr. Hamner"), Daniel Hamner Physician, P.C. and Daniel

Hamner, M.D., P.C. (both entities collectively, "the Practice"), Richard Hamner ("Richard"), Erika

Macbride ("Erika"), Raina Hamner ("Raina"), and Rae Baymiller ("Baymiller") (collectively,

"Defendants") respond to the Crossclaims by Defendant Allan Christopher ("AC") as Executor for the

Estate of Anne M. Christopher ("Anne C."), dated October 31, 2013, as follows:

### The Parties

8.      Defendants deny knowledge or information sufficient to form a belief as to the

allegations in paragraph "8" of the Crossclaim.

9.      Defendants admit only that OHI, OHPNY, and United Healthcare Insurance

Company of New York, Inc. are Plaintiffs in the main action, and deny knowledge or information

sufficient to form a belief as to the remaining allegations in paragraph "9" of the Crossclaim.

10.     Defendants admit the allegations in paragraph "10" of the Crossclaim.

### AC's Relationship with Hamner

11.     Defendants admit the allegations in paragraph "11" of the Crossclaims.

12.     Defendants deny the allegation in paragraph "12" of the Crossclaims that Dr. Hamner owed Anne C. a fiduciary duty, and refer all questions of law regarding duty of care to the Court for adjudication.  Defendants further respond to the subparagraphs of paragraph "12" of the Crossclaims as follows:

    a. Defendants admit that at certain times, Dr. Hamner had a close relationship and a confidential relationship with Anne C., and denies the remaining allegations in paragraph "12(a)" of the Crossclaim.

    b. Defendants admit that at certain times, Dr. Hamner and the Practice provided medical services to Anne C., and denies the remaining allegations in paragraph "12(b)" of the Crossclaim.

### AC's Purported Medical Malpractice Claim

13.     Defendants admit the allegations in paragraph "13" of the Crossclaim.

14.     Defendants admit that at certain times, Dr. Hamner and the Practice provided medical services to Anne C., and denies the remaining allegations in paragraph "14" of the Crossclaim.

15.     Defendants admit that Dr. Hamner prescribed certain medications to Anne C. at certain times, and deny the remaining allegations in paragraph "15" of the Crossclaim.

16.     Defendants deny the allegations in paragraph "16" of the Crossclaim.

17.     Defendants deny the allegations in paragraph "17" of the Crossclaim.

18.     Defendants deny the allegations in paragraph "18" of the Crossclaim.

### Hamner's Alleged Breach of His Divorce Settlement with Anne C.

19.     Defendants admit only that Anne C. and Hamner entered into a divorce settlement agreement, and deny the remaining allegations in paragraph "19" of the Crossclaim.

20.     Defendants admit that Hamner was required to pay $8,000 per year toward the cost of Anne C.'s health insurance coverage, and deny the remaining allegations in paragraph "20" of the Crossclaim.

21.     Defendants deny the allegations in paragraph "21" of the Crossclaim.

2406014

22.    Defendants deny the allegations in paragraph "22" of the Crossclaim.

23.    Defendants deny knowledge or information sufficient to form a belief as to Anne C.'s knowledge, and deny the remaining allegations in paragraph "23" and subparagraphs "23(a)" through "23(d)."

24.    Defendants deny the allegations in paragraph "24" of the Crossclaim.

25.    Defendants deny the allegations in paragraph "25" of the Crossclaim.

### AC's Purported RICO Claim

26.    Defendants repeat each and every response and denial to Plaintiff's Amended Complaint, as set forth in their Answer to Plaintiff's Amended Complaint (ECF Docket Entry #72), as if fully set forth herein.

27.    Defendants deny the allegations in paragraph "27" of the Crossclaim.

28.    Defendants deny the allegations in paragraph "28" of the Crossclaim and subparagraphs "28(a)" and "28(b)."

29.    Defendants deny the allegations in paragraph "29" of the Crossclaim and subparagraphs "29(a)" and "29(b)."

30.    Defendants deny the allegations in paragraph "30" of the Crossclaim.

31.    Defendants deny the allegations in paragraph "31" of the Crossclaim.

32.    Defendants deny the allegations in paragraph "32" of the Crossclaim.

33.    Defendants deny the allegations in paragraph "33" of the Crossclaim and subparagraphs "33(a)" through "33(c)."

34.    Defendants deny the allegations in paragraph "34" of the Crossclaim.

35.    Defendants deny the allegations in paragraph "35" of the Crossclaim.

36.    Defendants repeat each and every response and denial to Plaintiff's Amended Complaint, as set forth in their Answer to Plaintiff's Amended Complaint (ECF Docket Entry #72), as if fully set forth herein.

2406014

37.     Defendants repeat each and every response and denial to Plaintiff's Amended Complaint, as set forth in their Answer to Plaintiff's Amended Complaint (ECF Docket Entry #72), as if fully set forth herein.

### Anne C.'s and AC Purported Damages

38.     Defendants deny the allegations in paragraph "38" of the Crossclaim and subparagraphs "38(a)" and "38(b)."

### ANSWER TO FIRST COUNTERCLAIM
### (Disclosure of Confidential Medical Information)

39.     The counterclaim is directed towards Plaintiffs, and as such, a response from Defendants is not required.

40.     The counterclaim is directed towards Plaintiffs, and as such, a response from Defendants is not required.

41.     The counterclaim is directed towards Plaintiffs, and as such, a response from Defendants is not required.

42.     The counterclaim is directed towards Plaintiffs, and as such, a response from Defendants is not required.

### ANSWER TO FIRST CROSSCLAIM
### (Indemnification and/or Contribution)

43.     Defendants repeat each and every response and denial to AC's Crossclaim and Counterclaim as if fully set forth herein.

44.     Defendants deny the allegations in paragraph "44" of the Crossclaim.

### ANSWER TO SECOND CROSSCLAIM
### (Medical Malpractice)

45.     Defendants repeat each and every response and denial to AC's Crossclaim and Counterclaim as if fully set forth herein.

46.     Defendants admit that as Anne C.'s physician, Dr. Hamner owed Anne a duty of care. Defendants deny the remaining allegations in paragraph "46" of the Crossclaim.

4

2406014

47.     Defendants deny the allegations in paragraph "47" of the Crossclaim and subparagraphs "47(a)" through "47(c)."

48.     Defendants deny the allegations in paragraph "48" of the Crossclaim.

49.     Defendants deny the allegations in paragraph "49" of the Crossclaim.

### ANSWER TO THIRD CROSSCLAIM
#### (Breach of Fiduciary Duty)

50.     Defendants repeat each and every response and denial to AC's Crossclaim and Counterclaim as if fully set forth herein.

51.     Defendants deny the allegations in paragraph "51" of the Crossclaim.

52.     Defendants deny the allegations in paragraph "52" of the Crossclaim.

53.     Defendants deny the allegations in paragraph "53" of the Crossclaim and subparagraphs "53(a)" through "53(d)."

54.     Defendants admit that Plaintiffs commenced the instant action against AC in which Plaintiffs alleged that Anne C. was involved in a conspiracy to defraud Plaintiffs.  Defendants deny the remaining allegations in paragraph "54" of the Crossclaim.

55.     Defendants deny the allegations in paragraph "55" of the Crossclaim.

### ANSWER TO FOURTH CROSSCLAIM
#### (Breach of Divorce Settlement)

56.     Defendants repeat each and every response and denial to AC's Crossclaim and Counterclaim as if fully set forth herein.

57.     Defendants deny the allegations in paragraph "57" of the Crossclaim.

58.     Defendants deny the allegations in paragraph "58" of the Crossclaim and subparagraphs "58(a)" through "58(d)."

59.     Defendants admit that Plaintiffs commenced the instant action against AC in which Plaintiffs alleged that Anne C. was involved in a conspiracy to defraud Plaintiffs.  Defendants deny the remaining allegations in paragraph "59" of the Crossclaim.

60.     Defendants deny the allegations in paragraph "60" of the Crossclaim.

61.     Defendants deny the allegations in paragraph "61" of the Crossclaim.

## ANSWER TO FIFTH CROSSCLAIM
### (Common Law Fraud)

62.     Defendants repeat each and every response and denial to AC's Crossclaim and Counterclaim as if fully set forth herein.

63.     Defendants deny the allegations in paragraph "63" of the Crossclaim.

64.     Defendants deny the allegations in paragraph "64" of the Crossclaim and subparagraphs "64(a)" through "64(d)."

65.     Defendants deny the allegations in paragraph "65" of the Crossclaim.

66.     Defendants deny the allegations in paragraph "66" of the Crossclaim.

## ANSWER TO SIXTH CROSSCLAIM
### (RICO §1962(a))

67.     Defendants repeat each and every response and denial to AC's Crossclaim and Counterclaim as if fully set forth herein.

68.     Defendants deny the allegations in paragraph "68" of the Crossclaim.

69.     Defendants deny the allegations in paragraph "69" of the Crossclaim.

## ANSWER TO SEVENTH CROSSCLAIM
### (RICO §1962(b))

70.     Defendants repeat each and every response and denial to AC's Crossclaim and Counterclaim as if fully set forth herein.

71.     Defendants deny the allegations in paragraph "71" of the Crossclaim.

72.     Defendants deny the allegations in paragraph "72" of the Crossclaim.

## ANSWER TO EIGHTH CROSSCLAIM
### (RICO §1962(c))

73.     Defendants repeat each and every response and denial to AC's Crossclaim and Counterclaim as if fully set forth herein.

74.     Defendants deny the allegations in paragraph "74" of the Crossclaim.

75.     Defendants deny the allegations in paragraph "75" of the Crossclaim.

2406014

## ANSWER TO NINTH CROSSCLAIM
## (RICO §1962(d))

76.     Defendants repeat each and every response and denial to AC's Crossclaim and Counterclaim as if fully set forth herein.

77.     Defendants deny the allegations in paragraph "77" of the Crossclaim.

78.     Defendants deny the allegations in paragraph "78" of the Crossclaim.

## AFFIRMATIVE DEFENSES

1.     AC fails to state a cause of action upon which relief may be granted.

2.     If AC sustained the damages alleged, which damages Defendants expressly denies, all such damages have been caused and brought about in whole or in material part by the affirmative wrongdoing, negligence, want of care, or other culpable conduct and/or comparative negligence of Plaintiffs, AC, Anne C. and/or persons other than Defendants, without similar acts of Defendants contributing thereto, and as a consequence thereof, Plaintiffs' and/or AC's damages should be reduced by the proportion of Plaintiffs', AC's, and/or Anne C.'s culpable conduct which caused the alleged damages.

3.     Any damages sustained by Plaintiffs and/or AC were the result of acts or omissions by third-persons or entities over which Defendants exercised no control.

4.     Plaintiffs and/or AC failed to mitigate any damages they may have sustained as a result of the matters alleged in Plaintiff's Amended Complaint and AC's Counterclaim and Crossclaims.

5.     Pursuant to the provisions of section 15-108 of the General Obligations Law, Defendants are entitled to a reduction of any adverse judgment by either the total settlement amount paid by any other tortfeasors or in the amount of the released tortfeasors' equitable share of the damages under article fourteen of the Civil Practice Law and Rules, whichever is the greatest.

2406014

6.      Plaintiffs are barred from bringing this action by their inequitable conduct, including the disclosure of the medical information of persons treated by Dr. Hamner in violation of New York's Public Health Law § 18(6).

7.      Some or all of Plaintiffs' and AC's claims are barred by the applicable statutes of limitations.

8.      Some or all of Plaintiffs' and AC's claims are barred by the applicable statute of frauds.

9.      AC failed to comply with CPLR §3012-a in failing to provide an affidavit of merit in support of the crossclaim for medical malpractice.

10.     Some or all of AC's crossclaims are unrelated to the allegations in Plaintiffs' Amended Complaint.

11.     Some or all of Plaintiffs' and AC's claims are barred by the doctrines of waiver, ratification, and/or unclean hands.

Dated:  New York, New York
        November 21, 2013

                                KAUFMAN BORGEEST & RYAN LLP


                                _____
                                Jonathan B. Bruno
                                Stephanie B. Gitnik
                                Alex N. Niederman
                                *Attorneys for Defendants*
                                *Daniel Hamner, M.D., Daniel Hamner Physician, P.C.,*
                                *Daniel Hamner, M.D., P.C., Richard Hamner, Erika*
                                *Macbride, Raina Hamner, and Rae Baymiller*
                                120 Broadway, 14th Floor
                                New York, New York 10271
                                (212) 980-9600
                                KBR File No.: 862.216

2406014